### 21911

The STATE, Respondent, v. Edmundo RODRIGUEZ, Appellant.

(302 S. E. (2d) 666)

*Deputy Appellate Defender David W. Carpenter*, of *S. C. Com'n of Appellate Defense*, Columbia, and *Michael W. Skeen*, Beaufort, *for appellant.*

*Atty. Gen. T. Travis Medlock, Retired Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Harold M. Coombs, Jr.*, and *Martha L. McElveen*, Columbia, and *Sol. Randolph Murdaugh, Jr.*, Hampton, *for respondent.*

May 2, 1983.

NESS, Justice:

Appellant was convicted of two counts of committing a lewd act upon a twelve year old child and one count of contributing to the delinquency of a fourteen year old child. We affirm.

Both incidents occurred at Beaufort Naval Hospital, a federal military installation. Both children were recuperating from appendectomies when appellant, who worked at the hospital, committed the lewd acts.

On appeal, neither party raised the issue of state court jurisdiction over the federal lands. We raised the issue *sua sponte* and remanded the case for a hearing. The trial court found the state had concurrent jurisdiction with the United States.

Appellant asserts the state court lacked subject matter jurisdiction because the federal government has exclusive jurisdiction over crimes occurring at the naval hospital.

Appellant argues S. C. Code Ann. 3-1-10, 3-1-20, 3-1-110, and 3-1-120 (1976) confer exclusive jurisdiction over the hospital on the United States government. However, these statutes were superseded by the later enactment of 40 U. S. C. 255 (1970), which provides that, to deprive the state of jurisdiction over lands acquired by the United States *after February 1, 1940*, the United States must file notice of acceptance of jurisdiction with the Governor. *Adams v. United States*, 319 U. S. 312, 63 S. Ct. 1122, 87 L. Ed. 1421 (1943). Thus, the issue hinges on when the United States acquired the property. The supplemental record indicates the federal government acquired Beaufort Naval Hospital in 1946, but has never accepted exclusive jurisdiction. Therefore,

the state retains jurisdiction, and appellant was properly tried in state court.

Next, appellant contends the State has the burden of proving jurisdiction and that it failed to establish its jurisdiction over the federal lands in the original proceedings.

In *Beaufort County v. Jasper County,* 220 S. C. 469, 481, 68 S. E. (2d) 421, 427 (1951), we held:

> "Ownership and use for public purposes by the United States of lands within a State, without more, do not withdraw the lands from the jurisdiction of the state."

Moreover, 40 U. S. C. 255 (1970) provides that until formal acceptance of jurisdiction, it is conclusively presumed the federal government has acquired no jurisdiction. See *Adams v. United States, supra.*

We agree the burden of proving jurisdiction rests on the State. *State v. Wharton,* 263 S. C. 437, 211 S. E. (2d) 237 (1975). However, this burden does not require the state to prove the nonoccurrence of events which might deprive it of jurisdiction. Absent an affirmative act by the United States, the state is presumed to have jurisdiction over the federal lands. The state need not prove the United States has not deprived it of that jurisdiction.

Appellant next argues the trial court erred in denying his motion for a directed verdict on the charge of contributing to the delinquency of a minor, as there is no evidence appellant's conduct caused the victim to *wilfully* injure her morals.

South Carolina Code Ann. § 16-17-490(10) (Cum. Supp. 1982) provides:

> "It shall be unlawful for any person over eighteen years of age to knowingly and wilfully encourage, aid or cause to do any act which shall cause or influence a minor:
>
> \*    \*    \*    \*    \*    \*
>
> (10) To so deport himself or herself as to wilfully injure or endanger his or her morals or health or the morals or health of others."[1]

---

[1] Appellant was charged under this statute rather than the "lewd act" statute, S. C. Code Ann. § 16-15-140 (1976), because the child involved was fourteen years old when the incident occurred.

By his argument, appellant attempts to make his culpability contingent on the victim's reaction to his conduct. He asserts that because the victim resisted his advances, her involvement was not wilful, and thus he is not guilty.

We do not believe the legislature intended the statute to apply only when the minor is a willing participant. The evidence shows appellant encouraged the victim to wilfully injure her morals; that she chose not to cooperate is of no consequence. The trial court properly denied appellant's motion.

Finally, appellant argues the trial court erred in denying appellant's motion to be allowed to attend the sounding of the jury venire. We find no evidence in the record this motion was denied. Appellant failed to satisfy his burden of presenting a record adequate for review, and we decline to consider the exception. *Germain v. Nichol,* ___ S. C. ___ , 299 S. E. (2d) 335 (1983).

Affirmed.

LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.