REQUESTED BY: Rex Amack, Director Nebraska Game and Parks Commission
You have inquired whether the Game and Parks Commission is authorized to adopt regulations prohibiting or otherwise regulating consumption of alcoholic beverages on properties owned by the federal government but leased to the state. It is our determination that the state may enforce state laws and regulations on federally owned, state leased property unless the federal government has obtained exclusive jurisdiction of the property.
Whether the federal government has exclusive jurisdiction may vary depending on when the land was acquired and any actions taken by the federal or state government at the time the land was acquired.
 Congress may acquire derivative legislative power from a State pursuant to Article I, Section 8, cl. 17, of the Constitution by consentual acquisition of land, or by nonconsentual acquisition followed by the State's subsequent cessation of legislative authority over the land. . . . In either case, the legislative jurisdiction acquired may range from exclusive federal jurisdiction with no residual state police power . . . to concurrent, or partial, federal legislative jurisdiction, which may allow the state to exercise certain authority.
Kleppy v. New Mexico, 426 U.S. 529, 542 (1976) (citations omitted).
40 U.S.C. § 255 provides in relevant part:
 Notwithstanding any other provision of law, the obtaining of exclusive jurisdiction in the United States over lands or interests therein which have been or shall hereafter be acquired by it shall not be required; but the head or other authorized officer of any department or independent establishment or agency of the Government may, in such cases and at such times as he may deem desirable, accept or secure from the State in which any lands or interests therein under his immediate jurisdiction, custody, or control are situated, consent to or cession of such jurisdiction, exclusive or partial, not theretofore obtained, over any such lands or interest as he may deem desirable and indicate acceptance of such jurisdiction on behalf of the United States by filing a notice of such acceptance with the Governor of such State or in such other manner as may be prescribed by the laws of the State where such lands are situated. Unless and until the United States has accepted jurisdiction over lands hereafter to be acquired as aforesaid, it shall be conclusively presumed that no such jurisdiction has been accepted.
In State v. Rodriquez, 302 S.E.2d 666, 667 (S.C. 1983), appellant was arrested and charged in state court with criminal acts allegedly committed at a federal naval hospital. The South Carolina court cited to "40 U.S.C. § 255 (1970), which provides that, to deprive the state of jurisdiction over lands acquired by the United States after February 1, 1940, the United States must file notice of acceptance of jurisdiction with the Governor. Adams v. United States, 319 U.S. 312, 63 S.Ct. 1122,87 L.Ed. 1421 (1943)." The court in Rodriquez affirmed an earlier court decision that ownership and use for public purposes by the United States of land within a state, without more, do not withdraw the lands from the jurisdiction of the state. The court further held that 40 U.S.C. § 255 (1970) provides that until formal acceptance of jurisdiction, it is conclusively presumed the federal government has acquired no jurisdiction. The court went on to state that, "[a]bsent an affirmative act by the United States, the state is presumed to have jurisdiction over the federal lands. . . ." 302 S.E.2d at 667.
Therefore, for each parcel of land in question, it will be necessary to determine when the land was acquired by the federal government and what, if any, actions the United States government has taken to obtain exclusive jurisdiction over said land. If the land in question was acquired after 1940, absent an affirmative act by the federal government, the state is presumed to have retained its jurisdiction over the lands. If the land was acquired prior to 1940, it will be necessary to determine what actions were taken by the State Legislature in granting consent for the purchase of such land and actions taken by the federal government in establishing exclusive jurisdiction.
For those properties over which the state retained its jurisdiction, Neb.Rev.Stat. § 53-186.01 (Reissue 1988) would be applicable. This statute makes it unlawful for persons to consume in any place open to the general public except as permitted by license. Clearly, any property used for public recreation is open to the general public, and, therefore, the jurisdiction of Nebraska statutes relating to consumption of alcoholic beverages in public would be applicable.
Likewise, the Game and Parks Commission may promulgate and enforce rules and regulations pertaining to the use of federally owned land for which the federal government has not elected to take exclusive jurisdiction when such land is within the state park system. We must caution, however, that rules and regulations pertaining to the use of state park systems by the public may not be in contradiction ofNeb.Rev.Stat. §§ 53-186, 53-186.01, or any other state statute.
Sincerely,
 DON STENBERG Attorney General
Linda L. Willard Assistant Attorney General 28-07-14.91
APPROVED BY:
______________________________ Attorney General