**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Larry James Tyler, Appellant.

Appellate Case No. 2013-000466

Appeal From Darlington County
Paul M. Burch, Circuit Court Judge

Unpublished Opinion No. 2015-UP-025
Heard October 8, 2014 – Filed January 14, 2015

**AFFIRMED**

Appellate Defender Robert M. Pachak, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jennifer Ellis Roberts, both of Columbia, for Respondent.

**PER CURIAM:** In this appeal from his conviction of contributing to the delinquency of a minor, Appellant Larry James Tyler (Appellant) argues the trial court erred in denying his directed verdict motion because the State failed to

present substantial circumstantial evidence that Appellant violated section 16-17-490 of the South Carolina Code (2003). We find the case was properly submitted to the jury because Appellant gave ten-year-old Minor and her eight-year-old sister a cell phone containing (1) draft text messages indicating his desire to have Minor alone in his bed; and (2) a picture of Appellant in blue underwear, which Minor characterized as a "naked" picture. Furthermore, the evidence shows Appellant employed "grooming" tactics with Minor—calculated behavior that intentionally breaks down appropriate physical boundaries until victimization is possible.

Therefore, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Weston*, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006) ("When ruling on a motion for a directed verdict, the trial court is concerned with the existence or nonexistence of evidence, not its weight."); *State v. Smith*, 359 S.C. 481, 490, 597 S.E.2d 888, 893 (Ct. App. 2004) ("In reviewing the denial of a motion for a directed verdict, this court must view the evidence in the light most favorable to the State, and if there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, we must find that the case was properly submitted to the jury."); *State v. Rodriguez*, 279 S.C. 106, 108–09, 302 S.E.2d 666, 667 (1983) (rejecting the argument that because the minor resisted appellant's advances, the minor did not "wilfully" injure her morals as defined by section 16-17-490 of the South Carolina Code); *id.* at 109, 302 S.E.2d at 667 ("We do not believe the legislature intended the statute to apply only when the minor is a willing participant. The evidence shows appellant encouraged the victim to wilfully injure her morals; that she chose not to cooperate is of no consequence.").

**AFFIRMED.**

**WILLIAMS, GEATHERS, and MCDONALD, JJ., concur.**