22495

The STATE, Respondent v. Joe TATE, Jr., Appellant.

(341 S. E. (2d) 380)

Supreme Court

*Asst. Appellate Defender Elizabeth C. Fullwood,* of *S. C. Office of Appellate Defense,* Columbia, *for appellant.*

*Att. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr., Amie L. Clifford, Staff Atty. Norman Mark Rapoport,* Columbia, and *Sol. Claude A. Taylor, Jr.,* Spartanburg, *for respondent.*

Heard Feb. 10, 1986.

Decided March 6, 1986.

FINNEY, Justice:

Appellant, Joe Tate, Jr., was convicted of kidnapping, first degree criminal sexual conduct and armed robbery. He was sentenced to life imprisonment for kidnapping, thirty (30)

years for criminal sexual conduct, and twenty-five (25) years for armed robbery. We reverse and remand.

Tate alleges that the trial judge erred in allowing a "mug shot" of him to be admitted into evidence.

On December 23, 1983, the victim was abducted by two men from a Fast Fare Market in Spartanburg County, and taken to a nearby lake where she was raped and robbed at gun point. Her abductors placed a toboggan over her head and a belt over her eyes. Despite this blindfold, she positively identified appellant as one of the perpetrators of the crimes, and testified that she was able to distinguish the features of her two assailants by a dome light in the automobile.

At trial, the victim identified the appellant as one of the assailants. Evidence was also introduced that the victim had given a description of one of the assailants which matched that of the appellant, and that the victim had picked the appellant out of a six-man photographic lineup. The entire photographic array was admitted into evidence over objection of appellant's counsel.

Appellant argues that his photographs should not have been admitted into evidence because they implied he had a prior criminal record, and thereby improperly placed his character into evidence. We agree.

The photographs in question were typical police photographs, taken when a person has been arrested, depicting the appellant in two classic poses; a standing close-up facial view and a standing close-up side view. In each picture a small board with the date 11-20-82 and the words "SPTBG. CO. SHERIFF" is hanging around appellant's neck.

This Court has held that the introduction of a "mug shot" is reversible error unless it is shown that: (1) The state had a demonstrable need to introduce the photograph; and (2) the photographs themselves, if shown to the jury, must not imply that the defendant had a prior criminal record; and (3) the photograph must not be introduced in such a manner to draw attention to the source or implication of the photograph. *State v. Robinson*, 274 S. C. 198, 262 S. E. (2d) 729 (1980); *State v. Denson*, 269 S. C. 407, 237 S. E. (2d) 761 (1977); *citing United States v. Harrington*, 490 F. (2d) 487 (2d Cir. 1973).

The first two prerequisites are not met in this case. The victim positively identified appellant in court, and there was testimony by Detective Parris that she had picked appellant out of a photographic lineup. Given this competent evidence proving identity, we fail to see the demonstrable need to introduce the "mug shot." Additionally, the markings on the photographs, particularly the date, which was almost one year prior to the trial of this case, would clearly infer to the jury that appellant had a prior criminal record. The prejudicial effect of these photographs outweighs their probative value and the prejudice was neither cured nor rendered harmless by other events which occurred at trial.

We reverse and remand for a new trial.

Reversed and remanded.

NESS, C. J., and GREGORY, HARWELL and CHANDLER, JJ., concur.