22540

Mitchell WRAY, Petitioner v. STATE of South Carolina, Respondent.
(343 S. E. (2d) 617)

Supreme Court

*J. M. Long, Jr.* and *Irby E. Walker, Jr.*, Conway, *for petitioner.*

*Atty. Gen. T. Travis Medlock, Deputy Atty. Gen. Donald J. Zelenka* and *Asst. Atty. Gen. William A. Ready, III*, Columbia, *for respondent.*

Submitted March 26, 1986.

Decided May 5, 1986.

Ness, Chief Justice:

Petitioner was convicted in Horry County of 37 counts of breach of trust with fraudulent intent. His application for post conviction relief was denied, and this Court granted certiorari to review the decision of the circuit court. We affirm.

Petitioner was involved with several others in a scheme to

lease and re-lease tobacco allotments to farmers in the Horry County area. The plan fell apart when the group failed to lease sufficient acres of tobacco allotments to satisfy the commitments they had sold to farmers. The transactions spanned a period of several months, involved more than fifty farmers and occurred throughout Marion and Horry Counties, and parts of North Carolina. Petitioner asserts his convictions on counts two and four were improper because there was no evidence these crimes occurred in Horry County.

The right of a party to be tried in the county where the crime was committed is jurisdictional. *State v. Wharton*, 263 S. C. 437, 211 S. E. (2d) 237 (1975). The State has the burden of proving jurisdiction but affirmative evidence is not necessary. The burden may be satisfied where there is sufficient evidence from which jurisdiction may be inferred. *State v. Horne*, 282 S. C. 444, 319 S. E. (2d) 703 (1984); *State v. Rodriquez*, 279 S. C. 106, 302 S. E. (2d) 666 (1983). Where acts essential to the offense are committed in different counties, the accused may be tried in either county. *State v. Gasque*, 241 S. C. 316, 128 S. E. (2d) 154 (1962).

The crime of breach of trust with fraudulent intent may be compared to the crime of larceny, and where goods are stolen in one county and brought by the defendant into a second county, the defendant may be indicted in either place. *State v. McCann*, 167 S. C. 393, 166 S. E. 411 (1932). An indictment for breach of trust with fraudulent intent will lie in the county where the defendant refused to account for the money and also in the county where he received the money if there is evidence of an intent to defraud at the time the money was received or at any time where the defendant remained in the county. *State v. McCann, supra;* see also, *State v. Wiggins*, 257 S. C. 167, 184 S. E. (2d) 697 (1971).

The isolated facts relating to counts two and four reflect only slight evidence that petitioner's criminal intent was formed in Horry County. However, the facts relating to these counts must be considered in light of the overall scheme and the numerous interrelated transactions that occurred in Horry County. The Court must affirm the ruling of the PCR judge if there is any evidence to

support his decision. *Knight v. State*, 284 S. C. 138, 325 S. E. (2d) 535 (1985). On the entire record, we agree with the trial judge there was sufficient evidence that Horry County was the proper county for jurisdiction.

The decision of the trial judge is affirmed.

GREGORY, HARWELL, CHANDLER and FINNEY, JJ., concur.