23080

John Henry GRIER, Respondent v. STATE of South Carolina, Petitioner.
(384 S. E. (2d) 722)

Supreme Court

*Atty. Gen., T. Travis Medlock, Chief Deputy Atty. Gen., Donald J. Zelenka and Asst. Atty. Gen., Salley W. Elliott, Columbia, for petitioner.*

*Asst. Appellate Defender Joseph L. Savitz, III*, of *S. C. Office of Appellate Defense,* Columbia, *for respondent.*

Submitted May 16, 1989.

Decided Sept. 5, 1989.

*Per Curiam:*

Respondent John Henry Grier (Grier) was convicted of armed robbery and sentenced to twenty-one years imprisonment. This case is before the Court on the State's petition for writ of certiorari following the circuit court's order granting Grier's application for post conviction relief (PCR) and ordering him a new trial. We affirm.

## FACTS

At 3 a.m. on August 11, 1985, Grier allegedly entered and robbed a convenience store. At trial, Grier relied upon an alibi defense. Grier testified at trial that he went out drinking and came home around 1 a.m. and went to bed. Counsel called Grier's mother, who testified that her son was home asleep. Counsel also called another witness, a friend of Grier's, who testified that he gave Grier a ride home from a nightclub at 1:30 a.m.

Grier testified at his PCR hearing that he informed his attorney of several alibi witnesses who could testify on his behalf, but that counsel failed to call these witnesses. Grier testified at the PCR hearing that his oldest brother came in and saw him lying in the bed, that his nephew was sitting on the porch when he got home, and that his youngest brother had to help him into the house because he had been drinking all day. Counsel testified that he interviewed these witnesses, as suggested by Grier and that they were either "poor witnesses" whose testimony was "repetitive," or could not identify the exact time they saw Grier at home. Counsel had few notes on these interviews.

The convenience store clerk testified that the robber wore grey clothing. Grier testified at trial that he wore brown clothing on the night of the robbery. Grier alleged that counsel was ineffective for failing to comply with his request to call witnesses who could testify that he was wearing brown, not grey clothing on the night of the robbery. Grier

testified that his girlfriend and several other people at the nightclub where he had been earlier in the evening could have testified that Grier was wearing brown, not grey on the night of the robbery. Counsel supplied no reason for failing to call these witnesses. Further, counsel admitted that "it seemed like" Grier's girlfriend did verify that Grier was wearing brown, but he could not recall why he failed to call her as a witness.

A PCR applicant is entitled to relief based on ineffective assistance of trial counsel if he can establish that counsel's performance was deficient and that this deficiency prejudiced his defense. *Strickland v. Washington*, 466 U. S. 668, 104 S. Ct. 2052, 80 L. Ed. (2d) 674 (1984); *Butler v. State*, 286 S. C. 441, 334 S. E. (2d) 813 (1985). In reviewing a PCR grant, we are concerned only with whether there is "any evidence" to support the PCR judge's decision. If we find "any evidence," we must affirm the ruling of the PCR judge. *Wray v. State*, 288 S. C. 474, 343 S. E. (2d) 617 (1986); *Pringle v. State*, 287 S. C. 409, 339 S. E. (2d) 127 (1986). In this case, the PCR judge evidently believed Grier's testimony and concluded that counsel's failure to call these witnesses constituted deficient performance and that, because the credibility of Grier's alibi defense was crucial, this deficiency prejudiced Grier's case. To reverse in this case would be to substitute our judgment of the facts for that of the PCR judge, which would contravene our scope of review in these cases. Because Grier's testimony constituted "any evidence," we must affirm the trial judge's finding of ineffectiveness for failure to present the alibi witnesses.

The PCR judge also found counsel ineffective for failure to object to the admission of the photographic line-up from which the store clerk identified Grier. At trial, this line-up folder was admitted into evidence without objection. The PCR judge found that counsel was ineffective for failure to object to the line-up as inadmissible under *State v. Tate*, 288 S. C. 104, 341 S. E. (2d) 380 (1986). *Tate* prohibits the admission of photo line-ups which contain "mug shot photos." Grier failed to present the line-up to the PCR judge. Because we have an insufficient record for review, and because we have affirmed the granting of a new trial on the first issue, we decline to address the issue of whether the PCR judge

properly determined the photo line-up to have been inadmissible under *Tate*.

## CONCLUSION

We affirm the PCR judge's finding of counsel's ineffectiveness for failure to call alibi witnesses but decline to address the issue of the photographic line-up. The circuit court's order granting Grier a new trial is

Affirmed.

GREGORY, Chief Justice, dissenting:

I respectfully dissent.

Although respondent testified at the PCR hearing that counsel refused to call witnesses to corroborate his alibi claim, he did not produce these purported witnesses or make any proffer of testimony to support his claim. To the contrary, all the evidence produced at the PCR hearing indicates these witnesses would not have been helpful to respondent's case. Respondent offered no proof of prejudice from counsel's failure to call these witnesses.

The PCR judge also found counsel ineffective for failing to object to the admission of a photographic lineup citing *State v. Tate*, 288 S. C. 104, 341 S. E. (2d) 380 (1986). The photographs admitted in *Tate* were held prejudicial because they were "mug shots." Respondent did not present the photographs in question at the PCR hearing and there is no indication in the record they were mug shots. Respondent's reliance on *Tate* is misplaced. There is no evidence of prejudice from counsel's failure to object to admission of these photographs.

Because the record is devoid of any evidence respondent's defense was prejudiced by counsel's performance, I would reverse the PCR judge's order granting a new trial.