23738

Betty R. SMITH, Petitioner v. STATE of South Carolina, Respondent.

(424 S.E. (2d) 480)

Supreme Court

*Asst. Appellate Defender Robert M. Dudek,* of the *South Carolina Office of Appellate Defense,* Columbia, *for petitioner.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka* and *Asst. Atty. Gen. Miller W. Shealy, Jr.,* Columbia, *for respondent.*

Submitted Jan. 21, 1992.

Decided Nov. 16, 1992.

FINNEY, Justice:

This Court granted certiorari to review the circuit court's denial of postconviction relief (PCR) to Petitioner Betty R. Smith. We have reviewed the trial record pursuant to *Davis v. State,* 288 S.C. 290, 342 S.E. (2d) 60 (1986), and *White v. State,* 263 S.C. 110, 208 S.E. (2d) 35 (1974). After fully considering the entire record, briefs of the parties and the applicable law, we affirm.

*Davis* promulgates procedural guidelines for review of PCR

cases in which a petitioner's knowing and intelligent waiver of the right to direct appeal is at issue. *White* permits consideration of the full trial record on this issue in conjunction with appellate review of the PCR proceeding under an exception to the prohibition against appellate courts considering appeals in the absence of notice of direct appeal given and timely served.

Petitioner was convicted of grand larceny and sentenced to imprisonment for ten years. No direct appeal was taken. By application dated February 28, 1989, petitioner sought PCR on grounds including ineffective assistance of counsel due to trial counsel's failure to inform her of the right to appeal. After an evidentiary hearing on November 10, 1989, the PCR court denied PCR on the basis of its finding that petitioner had not shown that her trial counsel was ineffective and that she had knowingly, voluntarily and intelligently waived her right to a direct appeal. The petition for a writ of certiorari followed, and we granted a review on the following issues.

1. Did the PCR court err by ruling that the petitioner had waived her right to a direct appeal.
2. Was petitioner's trial counsel ineffective for failing to object to the trial judge's charge that the law presumes intent from the doing of an unlawful act.

Counsel is presumed to be effective, and the test for a determination of ineffective assistance of counsel is enunciated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. (2d) 674 (1984). First, the burden of proof is upon petitioner to show that counsel's performance was deficient as measured by the standard of "reasonableness under prevailing professional norms." 466 U.S. at 688, 104 S.Ct. 2052. Second, the petitioner must prove that she was prejudiced by such deficiency to the extent of there being "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

The reviewing court will affirm the judgment of the PCR court if its findings are supported by any evidence of probative value. *Cherry v. State*, 300 S.C. 115, 386 S.E. (2d) 624, 626 (1989).

Trial counsel's responsibility to a defendant is governed by Rule 602(e)(1), SCACR, formerly Rule 51(e)(1), South Carolina Rules of Court for the Supreme Court and Court of Ap-

peals, which requires trial counsel to represent a defendant until final judgment, including any proceedings on direct appeal, unless certain exceptions are met.

Petitioner testified during the PCR proceeding that if her retained trial counsel advised her of the right to appeal, she did not remember it. She asserted that trial counsel did not inform her that appellate counsel would represent her without cost if she were indigent, that she would have appealed had she been told, and that she did not appeal because she thought "it had to be paid for." Petitioner testified further that she was not aware that notice of intent to appeal had to be filed within ten days after her trial was concluded until she found out nine days afterward from another attorney who had been appointed to represent her on an unrelated charge for which she was then incarcerated.

Petitioner's trial counsel testified that he discussed at least twice with her the issue of an appeal and quoted her a fee of $1,500. He related his recollection that petitioner seemed confident that she had some people who would pay the fee for her. He testified that he had no further communication with the petitioner but understood that she had subsequently contacted his office, spoken with one of his secretaries, and declined further representation by him. On cross-examination, trial counsel testified that he did not tell the petitioner she had a right to appellate counsel free of charge if she could not afford counsel, that he did not feel it was necessarily his responsibility to give her such information, and that it was his practice not to file notice of intent to appeal in criminal cases unless the defendant paid him.

This Court held in *White v. State, supra,* that although a reasonable basis may exist for trial counsel to assume a defendant is fully aware of his rights regarding an appeal, counsel may not rest on that assumption. Trial counsel is required to make certain the defendant is made fully aware of his appeal rights. In the absence of an intelligent waiver by the defendant, counsel must either initiate an appeal or comply with the procedure in *Anders v. State of California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. (2d) 493 (1967).

We hold that the record does not evince a knowing and voluntary waiver of the right to appeal by the petitioner. Thus, petitioner is entitled to a *White v. State*

review on the direct appeal issue of whether counsel's failure to object to the trial judge's charge regarding intent constitutes ineffective assistance of counsel.

Petitioner contends she was prejudiced by the trial judge's burden-shifting charge in that it allowed the jury to presume the other elements of grand larceny from the unlawful concealment of the goods in question and precluded the offense of shoplifting.

The evidence presented during trial reflects that petitioner and Charles Fowler entered the Mall Road Wal-Mart Store in Anderson together. They were observed as they placed several compact discs (CD's) into their shopping car, went to the hardware department, picked up a tool box, removed it from its cardboard enclosure and concealed the CD's inside the toolbox. At the checkout counter, Petitioner paid for the tool box only. As they exited the store with Fowler carrying the tool box containing the CD's, both parties were apprehended by store security personnel and placed in the custody of law enforcement authorities. Two witnesses, both Wal-Mart employees, respectively valued the CD's at a low of $203.35 and a high of $229.12, Wal-Mart's selling price. Subsequently, Fowler pled guilty to shoplifting and received a probationary sentence.

In his charge to petitioner's jury, the trial judge stated:

> Intent means to act knowingly and it is ordinary [sic] reasonable to infer that the person intends the natural and necessary and probable consequences of acts knowingly done. Thus, the law presumes the intent from the doing of the unlawful act.

Shortly thereafter he made the following statement:

> Just a moment ago, and I correct myself, Ladies and Gentlemen, at the end of the charge on larceny I made this statement "thus the law presumes." That's supposed to be infers the intent from the doing of a [sic] unlawful act.

The United States Supreme Court, in *Francis v. Franklin*, 471 U.S. 307, 105 S.Ct. 1965, 85 L.Ed. (2d) 344 (1985), prohibited a jury charge on evidentiary presumptions which tends to shift the prosecutorial burden of persuading beyond a reasonable doubt and relieves the state of proving every essential element of a crime. U.S. Const. amend. V, XIV. However, the

*Franklin* Court held that when a particular portion of a jury instruction, considered alone, could reasonably be construed to create a presumption which relieves the state of its burden of proof on an element of an offense, such potentially offending words must be considered in the context of the charge as a whole.

When considered as a whole, the record does not indicate that intent was a critical issue in petitioner's trial. Next, there is overwhelming evidence of petitioner's complicity in the crime, and that the value of the stolen merchandise was in excess of the $200 minimum required to bring it within the value element of larceny. Finally, the trial judge immediately stated the proper language characterized by him as a correction. *See State v. Patrick*, 289 S.C. 301, 345 S.E. (2d) 481, 485 (1986).

Upon considering the trial judge's charge in its entirety, we conclude that the erroneous statement was sufficiently cured and that petitioner was not prejudiced as a result of the failure of her trial counsel to interpose an objection.

As to petitioner's contention that the trial judge erred in charging that the value of goods is its "market price or its reasonable selling price at the time and place of theft," we find this issue to be without merit. *See People v. Irrizari*, 5 N.Y. (2d) 142, 146, 156 N.E. (2d) 69, 71, 182 N.Y.S. (2d) 361, 364 (1959), McAnich and Fairey, *The Criminal Law of South Carolina* ( (2d ed. 1989) at 247.

Accordingly, petitioner's conviction and sentence are affirmed.

Affirmed.

HARWELL, C.J., and CHANDLER, TOAL and MOORE, JJ., concur.