524 S.E.2d 833

**Robert H. SOUTHERLAND, Petitioner,**

v.

**The STATE of South Carolina, Respondent.**

No. 25034.

Supreme Court of South Carolina.

Heard Nov. 2, 1999.

Decided Dec. 13, 1999.

Wayne Floyd and William Y. Rast, of West Columbia, and Diana L. Holt, of Columbia, for petitioner.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, and Senior Assistant Attorney

General William Edgar Salter, III, all of Columbia, for respondent.

WALLER, Justice:

The Court granted a writ of certiorari to review the denial of Post–Conviction Relief (PCR) to Petitioner, Robert H. "Bo" Southerland. We affirm in part, reverse in part, and remand for re-sentencing.

## FACTS

This is a capital case. Southerland was convicted of murder, kidnapping, armed robbery, and forgery. The facts are as follows: [1]

On the evening of October 5, 1989, Southerland, Tony Cooper, David Burroughs, and Brenda McLaurin abducted Kim Quinn from her home and drove her to an isolated pond. Cooper and Southerland dragged Quinn from Cooper's car and raped her. Southerland then shot Quinn in the neck, back, and head. Cooper severed Quinn's hands and feet with an axe. Southerland and Cooper then covered Quinn's body with gasoline and debris which they set on fire. The remains of Quinn's body were discovered three days later.

Southerland's convictions and sentences were affirmed. *State v. Southerland,* 316 S.C. 377, 447 S.E.2d 862 (1994). Thereafter, the circuit court denied Southerland's application for PCR.

## ISSUE [2]

Was appellate counsel ineffective in failing to raise and brief the issue of the trial court's refusal to instruct the

---

1. The facts are verbatim from the Court's opinion in *State v. Southerland,* 316 S.C. 377, 381, 447 S.E.2d 862, 865 (1994), *cert. denied* 513 U.S. 1166, 115 S.Ct. 1136, 130 L.Ed.2d 1096 (1995).

2. Southerland's remaining issues are affirmed pursuant to Rule 220(b), SCACR, and the following authorities: Issue 2—*State v. Ford,* 334 S.C. 59, 512 S.E.2d 500 (1999); *Sumpter v. State,* 312 S.C. 221, 439 S.E.2d 842 (1994) (trial judge's findings regarding purposeful discrimination rest largely on evaluation of demeanor and credibility, and reviewing court should give the findings great deference on appeal); Issues 3 and 4—*Drayton v. Evatt,* 312 S.C. 4, 430 S.E.2d 517 (1993); *Solomon v.*

jury that the terms "life" and "death" are to be understood in their plain and ordinary meaning?

## DISCUSSION

At trial, Southerland requested the trial court instruct the jury concerning his ineligibility for parole. As an **alternative,** he requested the court charge the jury was "to understand each of these sentences in their plain and ordinary meaning." (Defendant's Request to Charge # 7). When the trial court indicated it would not give Southerland's Request # 7, counsel for Southerland again asked, if the court refused to charge concerning his parole ineligibility, whether the court planned to charge "that life imprisonment is to be understood in its plain and present meaning." The court responded that it would give a charge pursuant to *State v. Norris,* if and only if the jury inquired about parole. *Id.* After the jury was charged, trial counsel renewed his objection to the court's failure to give his Request # 7.[3]

Southerland asserts his appellate counsel was ineffective for failing to argue on appeal that the trial judge erred in refusing to give a "plain and ordinary meaning" instruction.[4] We agree. Case law clearly holds, regardless of capital defendant's parole eligibility, he or she is entitled to a plain meaning charge upon request and that the refusal to give such a request is reversible error.

This Court first enunciated a "plain meaning" charge in *State v. Norris,* 285 S.C. 86, 328 S.E.2d 339, 344 (1985). In

---

*State,* 313 S.C. 526, 443 S.E.2d 540 (1994) (where matters of credibility are involved, great deference is given to PCR judge's findings); *Grier v. State,* 299 S.C. 321, 384 S.E.2d 722 (1989) (if there is any evidence supporting PCR court's findings, this Court must affirm); Issue 5— *McCray v. State,* 317 S.C. 557, 455 S.E.2d 686 (1995) (issues not raised in petition for writ of certiorari are not preserved for review).

3. The state strenuously asserts Southerland's request for a "plain meaning" charge is unpreserved. Given counsel's repeated requests for this charge, we find the state's contention fatuous. The issue is patently preserved.

4. Appellate counsel failed to raise this issue on appeal, and waited until one week before oral arguments to move to supplement his appellate brief to raise this issue; this Court denied his request. App. 3124–25, 3134.

*Norris,* the jury in a capital case inquired whether the defendant would be eligible for parole if sentenced to life imprisonment. The trial court responded by charging the jury that if the defendant were sentenced to life, he would be eligible for parole in twenty years. This Court ruled such a charge violated prior precedent that a jury should be neither invited nor permitted to speculate upon the possible effects of parole upon a conviction. *See State v. Brooks,* 271 S.C. 355, 247 S.E.2d 436 (1978); *State v. Butler,* 277 S.C. 543, 290 S.E.2d 420 (1982). The Court held that "[w]hen the issue is raised, the Court should instruct the jury that it shall not consider parole eligibility in reaching its decision, and that the terms 'life imprisonment' and 'death sentence' should be understood in their ordinary and plain meaning." 285 S.C. at 95, 328 S.E.2d at 344. Accordingly, *Norris* established the law to be charged if the jury **inquires** about parole.

Thereafter, however, in *State v. Atkins,* 293 S.C. 294, 360 S.E.2d 302 (1987), this Court held, without regard to a jury **inquiry** concerning parole, that, "[i]n all death penalty cases which proceed to trial after this opinion is published, **if requested by the defendant,** the trial judge shall charge the jury that the term 'life imprisonment' is to be understood in its ordinary and plain meaning." 293 S.C. at 300, 360 S.E.2d at 305 (emphasis supplied). The *Atkins* Court went further to hold that, in all subsequent cases decided pursuant to the Omnibus Crime Control Act, where the defendant requested, he was entitled, in lieu of a plain meaning charge, to a charge concerning 20 or 30 year parole eligibility, depending upon the jury's finding of a statutory aggravating circumstance.

Four years later, a majority of this Court overruled *State v. Atkins* to the extent it permitted juries to be informed concerning a capital defendant's parole eligibility. *State v. Torrence,* 305 S.C. 45, 406 S.E.2d 315 (1991) (Chandler, A.J. concurring). Justice Chandler's concurrence reiterated that a *State v. Norris* (jury not to consider parole and are to understand life and death in their plain and ordinary meaning) charge was the proper response to any **inquiry** concerning parole eligibility. 305 S.C. at 57, 406 S.E.2d at 322.

Less than four months later, this Court clarified *Torrence,* stating "in eliminating the consideration of parole, *Torrence*

leaves intact the defendant's right **upon request** for a plain meaning charge." *State v. Davis,* 306 S.C. 246, 251, 411 S.E.2d 220, 222 (1991). The argument in *Davis* was that, since the jury's consideration of parole was eliminated by *Torrence,* there was no longer any requirement of a "plain meaning" charge. The *Davis* Court disagreed, noting that the parole eligibility charge was an **alternative** to a plain meaning charge. The Court stated, "[s]ince *State v. Atkins,* 293 S.C. 294, 360 S.E.2d 302 (1987), this Court has held that **where a capital defendant requests it, a charge must be given at the sentencing phase that the term life imprisonment is to be understood in its ordinary and plain meaning. It is reversible error to refuse such a request."** 306 S.C. at 251, 411 S.E.2d at 222 (emphasis supplied). This holding has been repeatedly reaffirmed by this Court, most recently in *State v. Ard,* 332 S.C. 370, 505 S.E.2d 328 (1998). *See also State v. Simmons,*[5] 310 S.C. 439, 427 S.E.2d 175 (1993) (defendant still entitled, upon request, to a plain meaning charge under *State v. Atkins*); *State v. Williams,* 321 S.C. 327, 468 S.E.2d 626 (1996) (if capital defendant requests it, charge must be given at sentencing phase that life imprisonment means imprisonment for life); *State v. Young,* 319 S.C. 33, 459 S.E.2d 84 (1995) (court properly refused defendant's request to charge 30 year parole eligibility in favor of plain meaning charge).

The above outlined cases clearly hold a defendant is entitled, upon request, to a plain meaning charge as an **alternative** to parole information. Although related to the idea of parole eligibility, a plain meaning charge is simply not synonymous. On the contrary, the cases uniformly recognize it is reversible error to refuse a plain meaning charge when requested by the defendant, without regard to the defendant's parole eligibility or ineligibility. Accordingly, we find appellate counsel was ineffective in failing to raise this issue on direct appeal and that Southerland was prejudiced thereby.

A defendant is constitutionally entitled to the effective assistance of appellate counsel. *Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985) (to be effective appellate

---

5. *Simmons* was reversed on other grounds by the United States Supreme Court in *Simmons v. South Carolina,* 512 U.S. 154, 114 S.Ct. 2187, 129 L.Ed.2d 133 (1994).

counsel must give assistance of such quality as to make **appellate** proceedings fair); *Thrift v. State,,* 302 S.C. 535, 397 S.E.2d 523 (1990) (appellate counsel must provide effective assistance but need not raise every nonfrivolous issue presented by the record). In deciding a claim of ineffective assistance of counsel, the focus is on "the fundamental fairness of the proceeding whose result is being challenged." *Strickland v. Washington,* 466 U.S. 668, 685, 696, 104 S.Ct. 2052, 2063, 2069, 80 L.Ed.2d 674, 692, 699 (1984). First, the burden of proof is upon petitioner to show that counsel's performance was deficient as measured by the standard of reasonableness under prevailing professional norms. Second, the petitioner must prove that he or she was prejudiced by such deficiency to the extent of there being a reasonable probability that, but for counsel's unprofessional errors, the result of the **proceeding** would have been different. *Strickland v. Washington, supra. Accord Smith v. State,* 309 S.C. 413, 424 S.E.2d 480 (1992).

Here, the first element of *Strickland* is clearly met as the case law of this state is to the effect that an *Atkins* plain meaning charge is mandatory, if requested, and that the failure to give such a charge is reversible error. Accordingly, counsel was deficient in failing to raise this issue. The PCR court held, however, that Southerland failed to demonstrate prejudice. We disagree.

The standard established by *Strickland* is that the defendant must establish by a reasonable probability that the result of the **proceeding** would have been different. *Strickland, supra; Evitts v. Lucey, supra; Smith v. State ,* 309 S.C. 413, 424 S.E.2d 480, 481 (1992) (petitioner must prove there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the **proceeding** would have been different"). *See also People v. Griffin,* 178 Ill.2d 65, 227 Ill.Dec. 338, 687 N.E.2d 820 (1997) (defendant who contends appellate counsel rendered ineffective assistance, e.g., by failing to argue issue, must show that failure to raise issue was objectively unreasonable and that, but for this failure, defendant's conviction or sentence would have reversed).[6]

---

**6.** This is analogous to determining ineffective assistance regarding a guilty plea, i.e., the defendant must show that counsel's ineffective performance affected the outcome of the plea process. *Alexander v.*

Given that each of this Court's cases have held it is reversible error to fail to give an *Atkins* charge if requested, it is patent that if counsel had raised the issue on direct appeal, Southerland would have been entitled to a reversal of the sentencing phase of his conviction. Accordingly, Southerland has met his burden of demonstrating both that appellate counsel's performance was deficient and that, but for the deficient performance, the result of his appeal would have been different. The sentencing phase of his trial is reversed.

## CONCLUSION

The sentencing portion of Southerland's trial is reversed and the matter remanded for a new sentencing proceeding. The remainder of the circuit court's order is affirmed.

**AFFIRMED IN PART; REVERSED IN PART, AND REMANDED.**

MOORE, Acting C.J., BURNETT, J., Acting Associate Justices JAMES W. JOHNSON, Jr., and WILLIAM T. HOWELL, concur.

*State,* 303 S.C. 539, 402 S.E.2d 484 (1991). *See also Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).