548 S.E.2d 852

**Eastern J. EZELL, Respondent,**

v.

**The STATE, Petitioner.**

**No. 25312.**

Supreme Court of South Carolina.

Heard May 8, 2001

Decided June 25, 2001

Senior Assistant Appellate Defender Wanda H. Haile, of the South Carolina Office of Appellate Defense, of Columbia, for respondent.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Allen Bullard, Assistant Attorney General Howard L. Steinberg, and Assistant Attorney General William Bryan Dukes; all of Columbia, for petitioner.

MOORE, Justice:

We granted this petition for a writ of certiorari to determine the appropriate remedy for the ineffective assistance of appellate counsel. We find, under the circumstances of this case, the appropriate remedy is a new trial.

## FACTS

Respondent was convicted of distribution of crack and distribution of crack within proximity of a school. He was sentenced to imprisonment for twelve years and ten years, respectively, the sentences to run concurrently. His convictions and sentences were affirmed on direct appeal. *State v. Ezell,* Op. No. 97–UP–429 (S.C. Ct.App. filed July 17, 1997).

After a hearing on his application for post-conviction relief (PCR), respondent was granted a new direct appeal on the ground of ineffective assistance of appellate counsel.[1]

## ISSUES

I. Was appellate counsel ineffective?

II. What is the appropriate remedy for ineffective assistance of appellate counsel?

## DISCUSSION

*Ineffectiveness of Appellate Counsel*

This case involved an undercover drug transaction in which petitioner was arrested more than three months after the transaction. A confidential informant (CI), accompanied by Officer Blake, an undercover officer, was wearing a wire when he allegedly purchased crack cocaine from respondent. On the audio tape, the CI identified respondent by name prior to, during, and after the transaction. The CI could not be located and did not testify at trial. The entire tape of the transaction was admitted into evidence and played for the jury at trial over counsel's objection.

The only other evidence presented at trial identifying respondent as the person who sold the crack was through the

---

1. Respondent's trial counsel served as his appellate counsel.

testimony of two police officers. Officer Blake testified respondent was at the car making the deal for less than two minutes and that he did not have "constant facial contact" with respondent the entire time. Although he identified respondent as the individual from whom the crack was purchased, Blake admitted he did not know what the individual was wearing at the time of the buy, nor did he recall his distinctive hairstyle. According to Blake's testimony, the voice on the tape of the transaction was that of respondent.

Deputy Sherrod, who was in a nearby car listening to the tape of the transaction, testified he knew respondent and recognized his voice on the tape. Sherrod stated he could not see what occurred from his vantage point.

On appeal, respondent argued the trial judge erroneously admitted the tape of the drug transaction into evidence since it contained the CI's hearsay testimony identifying respondent as the individual who sold him the crack and denied respondent his right to confront the CI. The Court of Appeals found respondent failed to provide a sufficient record for review since the audio tape was not included in the Record on Appeal. *State v. Ezell, supra.*[2]

The PCR court found appellate counsel to be ineffective because the omission of the tape from the Record denied respondent a direct appeal. As a result, the PCR court found respondent was entitled to the remedy of filing a new direct appeal addressing this issue.

After listening to the audio tape, we believe the result of respondent's appeal would have been different had appellate counsel provided the Court of Appeals with the audio tape of the drug transaction. *See Southerland v. State,* 337 S.C. 610, 617, 524 S.E.2d 833, 836 (1999) (Southerland "met his burden of demonstrating both that appellate counsel's performance

---

2. Two transcripts of the tape, which differ in that one does not indicate the CI identified respondent by name, were presented at a suppression hearing and were not submitted to the jury. Both transcripts, but not the actual tape, were presented to the Court of Appeals. The court, in its opinion, stated, "As for the tape itself, because [respondent] has failed to provide the recording in the record on appeal, we are unable to determine whether the informant did in fact make references to [respondent]."

was deficient and that, but for the deficient performance, the result of his appeal would have been different").

Since the tape contained out-of-court testimony identifying respondent as the person who sold the drugs to the CI and the CI was not available for respondent to cross-examine, the portions of the tape in which the CI identified respondent were inadmissible hearsay. *State v. Dennis,* 337 S.C. 275, 523 S.E.2d 173 (1999); Rules 801(c) and 802, SCRE (hearsay is an out-of-court statement offered to prove the truth of the matter asserted and is inadmissible unless an exception to the rule against hearsay applies).

Because we do not find evidence of respondent's guilt overwhelming, the admission of the evidence is not harmless. *State v. Johnson,* 334 S.C. 78, 512 S.E.2d 795 (1999) (refusing to find error harmless where the evidence of guilt was not overwhelming). Absent the CI's statements, the only other information that was presented to the jury was the belief of Deputy Sherrod, who could not see the person selling the drugs, that the voice on the tape was that of respondent, and Officer Blake's weak testimony identifying respondent as the seller. Therefore, we believe respondent would have been granted a new trial had the tape been presented to the Court of Appeals.

*Appropriate Remedy*

■ The determination of the appropriate remedy is controlled by *Southerland v. State, supra.* This Court, in *Southerland,* stated the following:

> A defendant is constitutionally entitled to the effective assistance of appellate counsel.... First, the burden of proof is on petitioner to show that counsel's performance was deficient as measured by the standard of reasonableness under prevailing professional norms. Second, the petitioner must prove that he or she was prejudiced by such deficiency to the extent of there being a reasonable probability that, but for counsel's unprofessional errors, the result of the **proceeding** would have been different.

*Southerland,* 337 S.C. at 615–616, 524 S.E.2d at 836 (citations omitted) (emphasis in original). Here, we conclude the result of respondent's appeal would have been different had counsel submitted the audio tape to the Court of Appeals. Therefore,

based on *Southerland,* the appropriate remedy for the ineffective assistance of appellate counsel on the particular facts of this case is to grant respondent a new trial.[3]

## CONCLUSION

Since respondent has met his burden of demonstrating both that appellate counsel's performance was deficient and that, but for the deficient performance, the result of his appeal would have been different, he is entitled to a new trial. **AFFIRMED AS MODIFIED.**

TOAL, C.J., WALLER and BURNETT, JJ., and Acting Justice JAMES E. LOCKEMY, concur.

---

**3.** *See also Simpkins v. State,* 303 S.C. 364, 401 S.E.2d 142 (1991) (postconviction relief of a new trial granted based on appellate counsel's failure to raise an issue on appeal that constituted reversible error).