**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Horace Abney Jr., Respondent,

v.

State of South Carolina, Petitioner.

Appellate Case No. 2013-000136

---

Appeal From Greenville County
C. Victor Pyle, Jr., Trial Judge
John C. Few, Sentencing Judge
R. Markley Dennis, Jr., Post-Conviction Relief Judge

---

Memorandum Opinion No.2014-MO-036
Submitted September 4, 2014 - Filed October 1, 2014

---

**REVERSED**

---

Karen Christine Ratigan, Esquire, of Columbia, for Petitioner.

Susan Barber Hackett, Esquire, of Columbia, for Respondent.

---

**PER CURIAM:** The State seeks a writ of certiorari to review an order of the circuit court granting respondent's application for post-conviction relief (PCR).

We grant the petition, dispense with further briefing, and reverse the PCR judge's order.

Respondent sought PCR alleging appellate counsel was ineffective in failing to raise the issue of whether the motion to suppress drug evidence should have been denied by the trial court. The PCR judge held appellate counsel was deficient for failing to raise the properly preserved issue on appeal. Further, the PCR judge found respondent was prejudiced by the deficiency because the State's case hinged on the admissibility of the drugs discovered during the traffic stop, and if the evidence would have been suppressed, the State's efforts to prosecute respondent would have been greatly affected.

Although the issue was properly preserved for appellate review, there is no reasonable probability the Court of Appeals would have reversed respondent's conviction had appellate counsel raised the issue. *See Southerland v. State*, 337 S.C. 610, 524 S.E.2d 833 (1999) (holding petitioner must prove that, but for appellate counsel's deficient performance, there is a reasonable probability that the result of the appeal would have been different); *see also United States v. Carter*, 300 F.3d 415 (4th Cir. 2002) (holding an officer's recognition of the smell of marijuana upon executing a traffic stop is sufficient to constitute probable cause to search both the suspect and the passenger area of the vehicle). The order granting respondent's PCR application is therefore

**REVERSED.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**