**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Fredy DeLeon, Respondent-Petitioner,

v.

State of South Carolina, Petitioner-Respondent.

Appellate Case No. 2014-000591

ON WRIT OF CERTIORARI

Appeal From Edgefield County
The Honorable Edgar W. Dickson, Circuit Court Judge

Memorandum Opinion No. 2015-MO-060
Submitted October 7, 2014 – Filed October 14, 2015

**REVERSED AND REMANDED**

Attorney General Alan Wilson, Assistant Attorney General Patrick Schmeckpeper and Assistant Attorney General John Walter Whitmire, of Columbia, for Petitioner-Respondent.

Jeremy A. Thompson, of Columbia, for Respondent-Petitioner.

**PER CURIAM:** The State and Fredy DeLeon seek a writ of certiorari to review the grant of DeLeon's application for post-conviction relief (PCR). We grant the petitions for a writ of certiorari in part and deny in part.

DeLeon was convicted of trafficking marijuana, one hundred pounds or more but less than two thousand pounds, and was sentenced to a term of twenty-five years' imprisonment. His motion for a new trial was denied and no direct appeal was taken. DeLeon filed an application for PCR pursuant to *White v. State*, 263 S.C. 110, 208 S.E.2d 35 (1974). The parties agreed to the entry of a consent order of dismissal, which found DeLeon was entitled to petition for review of his conviction and sentence pursuant to *White*. The Court of Appeals granted DeLeon's petition for a writ of certiorari, and affirmed his conviction and sentence. *DeLeon v. State*, Op. No. 2011-UP-418 (S.C. Ct. App. filed Sept. 9, 2011). DeLeon filed a second PCR application alleging ineffective assistance of appellate counsel. The PCR judge found appellate counsel was ineffective for failing to raise a meritorious Fourth Amendment issue on appeal and granted DeLeon a new belated appeal.

We deny the petitions for a writ of certiorari with regard to all issues except the issue of the remedy for the finding of ineffective assistance of appellate counsel. We grant the petitions as to that issue, dispense with further briefing, and reverse the PCR judge's grant of a new appeal. Because there is a reasonable likelihood DeLeon would have prevailed on appeal had appellate counsel not been deficient, we find the appropriate remedy is a new trial. *See Simpkins v. State*, 303 S.C. 364, 401 S.E.2d 152 (1991) (where appellate counsel fails to raise a meritorious issue on appeal that constitutes reversible error, the appropriate relief is a new trial), *overruled on other grounds by State v. Stokes*, 381 S.C. 390, 673 S.E.2d 434 (2009); *see also Ezell v. State*, 345 S.C. 312, 548 S.E.2d 852 (2001) (where the result of an appeal would have been different had appellate counsel not been deficient, the appropriate remedy is to grant a new trial). Accordingly, we reverse the PCR judge's grant of a new belated appeal and remand for a new trial.

**REVERSED AND REMANDED.**

**TOAL, C.J., PLEICONES, BEATTY and HEARN, JJ., concur.**

**I would deny the Petitions for Certiorari.**
**KITTREDGE, J.**