NOT DESIGNATED FOR PUBLICATION

No. 124,072

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DANNY TRAN,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY E. GOERING, judge. Opinion filed May 13, 2022. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., GREEN, J., and RICHARD B. WALKER, S.J.

PER CURIAM: Danny Tran appeals the summary denial of his K.S.A. 60-1507 motion, which raised several claims of ineffective assistance of appellate counsel related to the handling of a previous appeal. Tran contends his appellate counsel provided ineffective assistance by failing to include certain exhibits in the record on appeal that supported his underlying ineffective assistance claims related to his trial counsel's performance. After reviewing the issues presented, we affirm the trial court's summary denial of Tran's K.S.A. 60-1507 motion.

1

In 2009, Tran—who was 17 years old—pleaded guilty to aggravated robbery, kidnapping, two counts of aggravated battery, and aggravated burglary. The charges stemmed from an incident involving Tran and several codefendants, and the factual basis for Tran's plea was accurately summarized by this court in *State v. Tran*, No. 110,475, 2014 WL 6676105 (Kan. App. 2014) (unpublished opinion) (*Tran II*).

"Tran accompanied the other participants of the crimes into an occupied home in Sedgwick County, Kansas. Tran stated, '[M]y main objective was to go get the bag and put stuff in it and leave.' The group took items from the home, including DVD, video games, and a television. This occurred while someone in the group was armed with a deadly weapon. During the burglary, Tran and others forced one of the occupants to go from room to room and assist in collecting the property. During these events, the occupant was struck in the head with a handgun, causing him to bleed. When the group went outside the house one of the members shot at and struck a neighbor in the leg." 2014 WL 6676105, at *1.

At sentencing in October 2010, the trial court followed the plea agreement by granting a dispositional departure and sentencing Tran to 36 months' probation with an underlying prison term of 228 months. About a year later, the court revoked Tran's probation and ordered him to serve the underlying sentence. Tran appealed, and this court affirmed the revocation of his probation in September 2011. *State v. Tran*, No. 105,235, 2011 WL 4357858 (Kan. App. 2011) (unpublished opinion) (*Tran I*).

In March 2013, Tran filed a pro se motion to withdraw his guilty plea, alleging that his trial counsel, Glen C. Robinson, provided ineffective assistance and that affected his decision to enter the plea. Tran claimed Robinson coerced him into entering the plea agreement by telling him there was no possibility his confession to the police could be suppressed. In a supplemental filing, Tran argued that his failure to file within the one-

year time limit was justified by excusable neglect and, in the alternative, that the trial court could construe his motion as a K.S.A. 60-1507 motion and find manifest injustice excused the untimely filing as well.

After considering the parties' arguments at a preliminary hearing, the trial court determined Tran had failed to show excusable neglect or manifest injustice to excuse an untimely filing under either construction of the motion. Tran appealed that decision. This court, in *Tran II*, concluded that "[b]ecause Tran asserted a claim in his pro se motion that, if true, could establish ineffective assistance of counsel, the district court erred when it failed to take the issue into consideration under the totality of the circumstances in evaluating Tran's claim of manifest injustice." 2014 WL 6676105, at *5. As a result, the *Tran II* court reversed and remanded the case for an evidentiary hearing on the merits of the motion. 2014 WL 6676105, at *5.

On remand, the trial court held an evidentiary hearing over two days in June 2015, during which Tran and Robinson testified and introduced several exhibits into evidence. After considering the parties' arguments, the trial court took the matter under advisement to review the testimony and the various exhibits.

At a separate hearing about two weeks later, the trial court denied Tran's motion. The majority of the court's findings related to its conclusion that Tran's testimony at the hearing lacked credibility because the facts alleged in Tran's supporting affidavit were "inconsistent with the record that was produced in his underlying case." As a result, the court determined that Tran failed to show manifest injustice to excuse an untimely filing, but also that Robinson was not ineffective for failing to pursue a suppression motion. Tran timely appealed that decision.

This court concluded on appeal that substantial competent evidence supported the trial court's conclusions that Robinson was not ineffective and Tran would not have

3

insisted on going to trial even if he had been fully informed about the suppression issue. *State v. Tran*, No. 115,813, 2017 WL 3202966, at *7 (Kan. App. 2017) (unpublished opinion) (*Tran III*). Nevertheless, in reaching that conclusion, the *Tran III* court noted several times in the opinion that Tran's failure to include the exhibits offered at the hearing in the record on appeal required it to presume that the trial court made proper findings that the exhibits did not support Tran's ineffective assistance claim. 2017 WL 3202966, at *6-7.

Tran filed the current pro se K.S.A. 60-1507 motion in March 2020.

Tran's pro se motion argued that Carol Longenecker Schmidt—who handled the appeal of his most recent postconviction motion in *Tran III*—provided ineffective assistance for several reasons, but mainly because of her failure to include the relevant exhibits in the record on appeal. Tran also argued Schmidt failed to raise additional ineffective assistance of trial counsel claims, as well as several other trial errors.

The trial court held a preliminary hearing on the motion in September 2020, which Tran attended in person and was also represented by Mark Sevart—his court-appointed counsel. After hearing arguments from the parties, the trial court announced that it was summarily denying Tran's motion. The court explained from the bench that it perceived the primary question before it as whether Schmidt rendered ineffective assistance in her handling of the appeal, mainly by omitting the exhibits mentioned by the *Tran III* court. Thus, the court believed that the failure to include the exhibits "only matter[s] if they are inconsistent with the trial court's findings. And in this case, there really is no allegation that they were."

Although the trial court discussed each missing exhibit separately, it reached the same conclusion for all of them: that since Tran had alleged no inconsistencies between the omitted exhibits and the court's previous findings, Tran's ineffective assistance of

4

appellate counsel claims were conclusory. For example, like the *Tran III* court, the trial court found based on the e-mails that "it was reasonable to believe that the State was making the similar offer to others." See *Tran III*, 2017 WL 3202966, at *7. As a result, the trial court concluded that Tran failed to show sufficient evidence to find Schmidt's performance was deficient because he had failed to allege any inconsistencies between the missing e-mails and the trial court's previous findings.

Before the trial court concluded the hearing, Sevart asked the court to reconsider, at a minimum, whether to conduct an evidentiary hearing on why Schmidt had not included the omitted exhibits. The court responded that Tran needed to make more than a "blanket" assertion that the *Tran III* court would have reached a different conclusion and suggested that it would entertain a motion for reconsideration of the summary denial if Sevart attached the omitted exhibits and supplied references to the record to support Tran's claims. Following the hearing, the court issued a motion minutes order summarily denying the motion but staying the deadline for appeal pending a ruling on the motion to reconsider.

Sevart then filed a written motion to reconsider in October 2020, focusing mainly on the underlying merits of the suppression issue. Attached to the motion were several exhibits, including: (1) a copy of a *Miranda* waiver form Tran signed before his interrogation, which showed Tran had checked the box stating he wished to remain silent; (2) a copy of the police report in which the officer stated that Tran initially signed the *Miranda* form that he wished to remain silent, but later changed his mind after the officer explained Tran could be charged with attempted murder; and (3) a transcript of the recorded interview.

The State filed a response in November 2020, arguing that Tran had not shown he was entitled to relief on his ineffective assistance of appellate counsel claim made in his K.S.A. 60-1507 motion. In this case, the State observed that the issues of Robinson's

alleged ineffectiveness and the underlying suppression issue had been litigated in the previous appeal, so the only issue presently before the trial court was Schmidt's alleged ineffectiveness. On that point, the State contended that Tran again made only conclusory statements about Schmidt's alleged ineffectiveness and made no showing to establish prejudice.

On December 9, 2020, the trial court entered a written journal entry summarily denying Tran's motion for reconsideration. The court ruled that after reviewing the *Miranda* form and the attached transcript of Tran's interview, Tran had not convinced the court that Schmidt was ineffective for failing to include either exhibit in the record on appeal or that the outcome would have been different if the documents had been included.

Tran timely appeals.

ANALYSIS

*Did the trial court err when it summarily denied Tran's K.S.A. 60-1507 motion?*

Tran argues the trial court erred in summarily denying his pro se K.S.A. 60-1507 motion, but he only brings forward some of his claims made in his motion on appeal. Tran argues only that he was entitled to an evidentiary hearing on his claim that Schmidt provided ineffective assistance by failing to include exhibits in the record on appeal in *Tran III* that he contends would have supported the suppression of his confession and changed his decision to enter a guilty plea. As a result, Tran seems to have abandoned any other arguments made in his K.S.A. 60-1507 motion by not briefing them. See *In re Marriage of Williams*, 307 Kan. 960, 977, 417 P.3d 1033 (2018); see also *State v. Lowery*, 308 Kan. 1183, 1231, 427 P.3d 865 (2018) (a point raised only incidentally in a brief and not argued in it is also deemed abandoned).

6

*Standard of review*

A trial court has three options when presented with a K.S.A. 60-1507 motion—it can summarily deny the motion, grant a preliminary hearing on the motion, or grant a full hearing on the motion. *White v. State*, 308 Kan. 491, 504, 421 P.3d 718 (2018). The standard of review differs depending on which of these options a trial court used to decide the motion. *State v. Adams*, 311 Kan. 569, 578, 465 P.3d 176 (2020).

Generally, when the trial court holds a preliminary hearing where it admits limited evidence and considers arguments of counsel, this court must defer to any factual findings made by the trial court and apply a findings of fact and conclusions of law standard of review to determine whether the findings are supported by substantial competent evidence and whether those findings are sufficient to support its conclusions of law. *Bellamy v. State*, 285 Kan. 346, 354, 172 P.3d 10 (2007). This court has unlimited review over the trial court's conclusions of law and its decision to grant or deny the K.S.A. 60-1507 motion. *Adams*, 311 Kan. at 578. Both parties recite this framework as the applicable standard of review for this appeal.

Nevertheless, based on the trial court's summary ruling, a de novo standard of review seems more appropriate in this case. Although the trial court held a preliminary hearing and considered arguments from the parties, there was no evidence presented at that hearing related to Tran's ineffective assistance of appellate counsel claim. Likewise, the only exhibits attached to Tran's motion for reconsideration were already available in the record. Finally, a careful examination of the trial court's initial summary ruling on the motion and the later denial of the motion for reconsideration reveals no specific factual findings for us to review.

For these reasons, we are in just as good a position as the trial court because the trial court denied Tran's K.S.A. 60-1507 motion based only on the motions, files, and

7

records of the case. Thus, our standard of review is de novo. *Grossman v. State*, 300 Kan. 1058, 1061, 337 P.3d 687 (2014); see also *Moncla v. State*, 285 Kan. 826, 830, 176 P.3d 954 (2008) (trial court may summarily deny a K.S.A. 60-1507 motion without holding an evidentiary hearing if the movant fails to show they are entitled to relief). Tran bears the burden of showing he is entitled to an evidentiary hearing by making more than conclusory contentions, and he must set forth an evidentiary basis to support those contentions or the basis must be evident from the record. See *Thuko v. State*, 310 Kan. 74, 80, 444 P.3d 927 (2019).

To be entitled to relief under K.S.A. 60-1507(b), Tran must establish by a preponderance of the evidence that either:  (1) the judgment was rendered without jurisdiction; (2) the sentence imposed was not authorized by law or is otherwise open to collateral attack; or (3) there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack. See Supreme Court Rule 183(g) (2022 Kan. S. Ct. R. at 242).

A defendant may not use a K.S.A. 60-1507 motion as a substitute for a direct or second appeal. "Mere trial errors must be corrected by direct appeal, but trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal, provided exceptional circumstances excuse the failure to appeal." Supreme Court Rule 183(c)(3) (2022 Kan. S. Ct. R. at 243). Ineffective assistance of counsel can qualify as an exceptional circumstance that justifies failing to raise an issue on direct appeal. *Rowland v. State*, 289 Kan. 1076, 1087, 219 P.3d 1212 (2009).

To prevail on a claim of ineffective assistance of counsel, a defendant must establish (1) that the performance of counsel was deficient under the totality of the circumstances and (2) that the deficient performance prejudiced the defendant. *Sola-Morales v. State*, 300 Kan. 875, 882, 335 P.3d 1162 (2014) (relying on *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 [1984]). In

8

considering deficiency, "there is a strong presumption counsel 'rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *State v. Kelly*, 298 Kan. 965, 970, 318 P.3d 987 (2014). "'To show prejudice, the defendant must show a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *State v. Sprague*, 303 Kan. 418, 426, 362 P.3d 828 (2015). In this regard, a reasonable probability means a probability sufficient to undermine confidence in the outcome. 303 Kan. at 426.

With that foundation in mind, we can turn to Tran's claim of ineffective assistance of appellate counsel.

### *Failure to include exhibits in the record on appeal*

Tran contends Schmidt was ineffective for not including exhibits in the record on appeal in *Tran III*, specifically those introduced at an evidentiary hearing on a claim of ineffective assistance of trial counsel made in Tran's March 2013 motion to withdraw his plea. Although the arguments made in the proceedings below focused heavily on the merits of the underlying suppression issue and ineffective assistance of trial counsel claim, his appellate brief takes a different approach. On appeal, Tran argues solely that an evidentiary hearing is necessary to determine whether Schmidt "made a strategic and tactical decision to not add the exhibits to the record on appeal." Without such a hearing, Tran contends it would not be possible for the trial court to conclude that he is not entitled to relief on his K.S.A. 60-1507 motion. Tran's argument is unpersuasive for several reasons.

To start, it bears mentioning that while Tran correctly pointed out in his K.S.A. 60-1507 motion that the *Tran III* court referred multiple times to the omission of certain exhibits, not all of those exhibits appear to be available for review. In particular, the *Tran III* court observed that the trial court reviewed "various exhibits" that were not

9

added to the record which included "a transcript and audio recording of Tran's interrogation, transcripts of Tran's testimony at the preliminary hearings of his codefendants, a transcript of Tran's testimony at the trial of another codefendant, and email correspondence between Robinson and the State." 2017 WL 3202966, at *4.

According to Tran, Schmidt also erroneously omitted copies of his *Miranda* waiver form and the detective's narrative report, but neither of these documents were mentioned by the *Tran III* court. Even so, this court can reasonably assume that the *Miranda* waiver form was not made available to the *Tran III* court because that document was part of Movant's Exhibit 1, which also contained the interview transcript. Likewise, even though the *Tran III* court did not explicitly mention the detective's narrative report, the record shows that document was part of Movant's Exhibit 2. Finally, as Tran correctly notes in his brief, the remaining omitted exhibits were as follows:

- Movant's Exhibit 3, the audio recording of Tran's interview;
- State's Exhibit D, the e-mail correspondence between Robinson and the two prosecutors; and
- State's Exhibits E and F, transcripts of Tran's testimony at the preliminary hearing and trial of his codefendants.

Curiously, the record shows that Tran's appointed counsel at the preliminary hearing on his current motion seems to have gone into that hearing without having reviewed any of the relevant exhibits. Thus, after explaining that it was summarily denying the motion for being conclusory, the trial court invited Tran to move for reconsideration with references to the record and the relevant exhibits attached, which would also benefit his appeal by allowing appellate counsel "to effectively argue error on [the trial court's] part." Yet, even when given that opportunity, Tran's counsel attached only three documents to his motion for reconsideration: (1) Tran's *Miranda* waiver form, (2) a portion of the detective's report, and (3) a portion of Tran's interview transcript. By

10

Tran's own admission in his brief, these were "possibly some of the same pages in [the omitted exhibits], but not so marked."

Just as in the previous appeal, Tran has failed to designate a record sufficient to support his claims of error because most of the exhibits mentioned in the *Tran III* decision are likewise missing from the current record. The party claiming an error occurred has the burden of designating a record that affirmatively shows prejudicial error. Without such a record, an appellate court presumes the trial court's action was proper. *State v. Meggerson*, 312 Kan. 238, 249, 474 P.3d 761 (2020). Because the audio recording of his interview, the e-mails between Robinson and the State, and the transcripts of his testimony during hearings for his codefendants are missing from the current record, we must yet again presume the trial court made the proper findings related to those exhibits. In other words, Tran fails to provide a sufficient evidentiary basis to support his claim that Schmidt was ineffective for omitting most of the exhibits from the appellate record in *Tran III*.

For those documents available to us, Tran similarly fails to show that these documents entitled him to an evidentiary hearing on his claim that omitting the documents amounted to ineffective assistance of appellate counsel. As he acknowledges in his brief, the trial court denied relief on this claim because it was conclusory since Tran never alleged that the omitted exhibits contradicted the trial court's previous findings related to Robinson's alleged ineffectiveness. Even when invited to file a motion for reconsideration, Tran's current counsel focused heavily on the suppression issue and Robinson's alleged ineffectiveness. Like at the preliminary hearing, the motion only mentioned as an aside that Schmidt's omission of the exhibits "compounded" the previous errors and that the *Tran III* court "would have realized how significant the error was" if the exhibits had not been omitted.

Because the exhibits were not made part of the record, the *Tran III* court had to presume the trial court made proper findings that the exhibits introduced at the hearing were inconsistent with Tran's allegations in his previous motion and his supporting testimony at the evidentiary hearing on remand, and thus his statements lacked credibility. *Tran III*, 2017 WL 3202966, at *6-7. But more to the point, the *Tran III* court determined that Robinson was not ineffective because he made a strategic choice to pursue a "very favorable plea agreement that would accomplish Tran's goal of avoiding prison" instead of fully investigating a "potentially unsuccessful motion to suppress." 2017 WL 3202966, at *7. The *Tran III* court also concluded that it was unlikely that Tran would have insisted on going to trial even if he had been fully informed about the suppression issue before taking his plea because it was reasonable to believe the State was making similar offers to his codefendants. 2017 WL 3202966, at *7.

Although Tran cites several authorities from other jurisdictions to support his claim on appeal, the authorities do not show he is entitled to the relief requested. For example, *Bransford v. Brown*, 806 F.2d 83 (6th Cir. 1986), dealt with whether a defendant's due process rights were violated because the transcripts of the jury instructions were missing from the record in his direct appeal. Nevertheless, the ineffective assistance claim in that case concerned whether appellate counsel was aware of the missing transcripts but failed to even attempt locating them or otherwise raise the issue on appeal, not whether they were ineffective simply because counsel did not add the documents to the record. Although the court agreed that appellate counsel provided deficient performance, the court then determined that the petitioner showed no prejudice despite the missing transcripts because there was "not even a modicum of evidence that the transcripts would have revealed reversible error." 806 F.2d at 87. Tran does not allege that the documents were misplaced or otherwise destroyed, or that Schmidt somehow neglected to review them, so *Bransford* fails to support Tran's contention that Schmidt provided deficient performance in this case. Also, he fails to bring forth any evidence that suggests the prejudice prong.

The remaining cases all support the same general proposition, which is that an incomplete appellate record can constitute ineffective assistance where the missing portions were critical components of the issues being raised on appeal. See *People v. Barton*, 21 Cal. 3d 513, 146 Cal. Rptr. 727, 579 P.2d 1043 (1978) (omission of transcripts from evidentiary hearing on motion to suppress, which precluded full consideration of the suppression issue on appeal); *Harris v. State*, 861 N.E.2d 1182 (Ind. 2007) (omission of entire trial transcript, which was only source of evidence that the defendant committed crimes during a single episode to justify revising consecutive sentences); *Ezell v. State*, 345 S.C. 312, 548 S.E.2d 852 (2001) (omission of confidential informant's audio tape identifying defendant during a drug transaction, which if included would have allowed appellate court to find the audio tape should have been excluded as hearsay and order reversal of defendant's convictions).

These cases are distinguishable from the present case, however, because Tran fails to show that the exhibits missing from the *Tran III* appellate record were so critical that a reviewing court would have determined Robinson was ineffective. The decision on Tran's previous motion primarily stemmed from the lack of credibility in Tran's allegations and testimony because they contradicted the contents of the missing exhibits. As the trial court later recognized when ruling on the current motion, Tran needed to come forth with some evidence to refute that determination to show that Schmidt's alleged ineffectiveness altered the outcome of his appeal. Because he failed to do so, his contentions of ineffective assistance of appellate counsel were merely conclusory and it was proper for the trial court to deny his K.S.A. 60-1507 motion without holding an evidentiary hearing.

Affirmed.