8515

### STATE v. SCRUGGS.

1. CHARGE.—While it is better for a Judge in charging a jury not to refer to other cases agitating the public mind, in this case, the reference to the Beattie case of Virginia to illustrate the difference between pleading a defense and proving it, was not prejudicial.

2. IBID.—In the connection used it was not error to charge: "So I say in the trial of a case you can disregard a plea of self-defense if it does not come up to your idea of reason. But you can act on it by your judgment, and you tell the Court what your judgment is."

3. IBID.—SELF-DEFENSE.—The charge here complained of is not erroneous in that it did not cover the point in self-defense that the defendant had the right to act on appearances, as the instruction was, if defendant believed it was necessary to strike to save himself from serious bodily harm or death, and in the opinion of the jury a man of ordinary courage and fairness would have been justified in so believing.

Before ERNEST GARY, J., Cherokee, October term, 1911. Affirmed.

Indictment against Ambrose Scruggs. Defendant appeals.

*Messrs. Butler & Hall* and *Bomar & Osborne,* for appellant.

*Solicitor J. C. Otts* and *Mr. John Gary Evans,* contra. *The Solicitor* cites:• *Requests handed up after charge is completed are not entitled to consideration:* 92 S. C. 175; 88 S. C. 162. *Defendant's requests were charged and he has no ground for complaint:* 75 S. E. 277, 530.

April 8, 1913.   The opinion of the Court was delivered by

MR. JUSTICE WOODS.   The defendant rests his appeal from a conviction and sentence for the crime of manslaughter, upon alleged errors in the charge on the subject of self-defense.   The first assignment of error is in the allusion by the Circuit Judge to the case of Beattie recently convicted of the murder of his wife in the State of Virginia.   We think as a general rule it is better for a trial Judge not to refer to other cases which have agitated the public mind, for sometimes a reference of that sort may tend to divert the attention of the jury from the case before them; but in this case there is hardly a possibility that defendant was prejudiced, since the Circuit Judge made the allusion merely to illustrate the difference between setting up a defense and making a defense good by proof.   Surely there was no error in saying to the jury in this connection: "So I say in the trial of a case you can disregard a plea of self-defense if it does not come up to your idea of reason.   But you can act on it by your judgment, and you tell the Court what your judgment is."   In

deciding issues of fact submitted to them the jury must always act on their own ideas of reason and find according to their judgment.

The exceptions alleging error in instructing the jury that the plea of self-defense depended on actual necessity to strike or stab the deceased without giving the further instruction that the defendant had a right to act upon appearance. The italicized portions of the following extracts from the charge make it perfectly manifest that the Circuit Judge did charge that the plea of self-defense would be established if the evidence showed, in addition to the other elements of the plea, that the defendant believed it was necessary to strike to save himself from death or serious bodily harm, and that in the opinion of the jury a man of ordinary firmness and courage would have been justified in so believing.

"Now, the law says that self-defense is based upon necessity; that is, the proof must show it, that the defendant at the time that he struck *believed that* it was necessary for him to strike to save his own life or save himself from serious bodily harm, that it was necessary for him to do it. * * *

"Now, then, gentlemen, it is for you to say under the facts that you have heard detailed here, does this evidence show that at the time the defendant struck the deceased the blow that produced death that he was without fault himself in bringing on a necessity for the stabbing, *that he believed himself that he was in danger of losing his own life or sustaining some serious bodily harm,* and that he had no other probable means of escape than to stab, cut or shoot, as the case might be, and that he had no other probable means of escape, that it was necessary for him to have acted as he did to save his own life or save himself from serious bodily harm. *Not only must he have believed that, but you must be satisfied that a man of ordinary reason and firmness would be justified in believing as he did.*"

The Circuit Judge also charged the following request of defendant's counsel, which, in a condensed form, covered practically the entire law of self-defense applicable to the case :

"If the defendant was without fault in bringing about the difficulty, and if you believe from the evidence that defendant believed that his life was in danger or that there was immediate danger of suffering serious bodily harm at the hands of the deceased, and you further find that defendant was justified in such belief by the facts and circumstances, and *that defendant used such means and efforts to avoid the fatal blow as you believe would have been used by a man of reasonable courage and reason,* then you must find for the defendant."

Not only so, but in giving this instruction the Circuit Judge further emphasized the rights of the defendant in this language :

"If he did do all that a man of ordinary reason and courage would do to avoid the difficulty, and if he was without fault and if he believed his life in danger or he was in danger of sustaining serious bodily harm, and he availed himself of all ordinary means of escape and then found it necessary to strike in defense of his person or his life and then struck under these circumstances, then it would be self-defense, and that would be a good defense."

The Circuit Judge gave every instruction submitted by the defendant before he began to charge the jury, and the italicized portion of the request quoted above covered the point that the defendant was not obliged to retreat if the jury thought a man of ordinary reason and courage would have held his ground on account of the danger of retreating.

We are convinced that there was no error in the charge.

Affirmed.