562 S.E.2d 618

Ronald Wilson LEGGE, Petitioner,

v.

STATE of South Carolina, Respondent.

No. 25433.

Supreme Court of South Carolina.

Submitted Feb. 21, 2002.

Decided April 1, 2002.

Rehearing Denied May 15, 2002.

Timothy Edward Meacham, of Jebaily, Glass & Meacham P.A., of Florence, for petitioner.

Attorney General Charles M. Condon, Chief Deputy Attorney General, John W. McIntosh, Assistant Deputy Attorney General, B. Allen Bullard, and Assistant Attorney General W. Bryan Dukes, all of Columbia, for respondent.

Justice MOORE.

We granted this petition for a writ of certiorari to determine whether the post-conviction relief (PCR) court erred by finding petitioner had received ineffective assistance of appellate counsel. We reverse.

## FACTS

Petitioner was convicted of one count of· criminal sexual conduct with a minor (CSC) and one count of a lewd act on a minor. He was sentenced to respective imprisonment terms of fifteen years and five years, to be served concurrently. On direct appeal, the Court of Appeals affirmed his convictions.

*State v. Legge*, Op. No. 95–UP–225 (S.C. Ct.App. filed July 25, 1995). We denied a petition for a writ of certiorari from that decision.

■ Petitioner then filed an application for post-conviction relief. After a hearing, the PCR court found appellate counsel ineffective for failing to raise an issue on appeal. The PCR court granted petitioner a review of the issue pursuant to *White v. State*, 263 S.C. 110, 208 S.E.2d 35 (1974).[1] Petitioner's remaining allegations were denied.

## ISSUE

Whether appellate counsel was ineffective for failing to raise an issue on appeal regarding testimony of petitioner's lack of remorse?[2]

## DISCUSSION

■ For petitioner to be granted PCR as a result of ineffective assistance of counsel, he must show both: (1) that his counsel failed to render reasonably effective assistance under prevailing professional norms, and (2) that he was prejudiced by his counsel's ineffective assistance. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Brown v. State*, 340 S.C. 590, 533 S.E.2d 308 (2000).

---

**1.** We note the PCR court's grant of the issue pursuant to *White v. State* is in error because petitioner in fact had an appeal and, as such was not denied his right to an appeal. *White v. State* is inapplicable because it provides the right to a *belated* appeal when the applicant did not knowingly and intelligently waive his right to an appeal. The State, however, did not raise this issue.

**2.** The testimony of which petitioner complains follows:

Detective Ken McPherson: I advised [petitioner] that [the child] had told me that he had been sexually assaulted and that he had named him ... as the perpetrator.

Solicitor: ... what reaction, if any, did you observe from [petitioner]?

McPherson: He said that he didn't do it but he would hope that we would find out who did.

Solicitor: And what concerns, if any did [petitioner] register regarding the child's sexual abuse?

McPherson: *He showed no concern towards his child.*

■ Appellate counsel was not ineffective for failing to raise the lack of remorse issue. Had appellate counsel raised the issue, it would not have been preserved for the appellate court's review. *See State v. Hicks,* 330 S.C. 207, 499 S.E.2d 209, *cert. denied,* 525 U.S. 1022, 119 S.Ct. 552, 142 L.Ed.2d 459 (1998) (issue must be raised to and ruled upon by trial court to be preserved for review); *State v. Dickman,* 341 S.C. 293, 534 S.E.2d 268 (2000) (party may not argue one ground at trial and an alternate ground on appeal).

■ At trial, trial counsel objected to Detective McPherson's testimony on the ground that he was not competent to give testimony on petitioner's demeanor and on *Miranda*[3] grounds.[4] However, at the PCR hearing, petitioner stated he wanted appellate counsel to argue on appeal that the testimony should have been objected to because the testimony was an attempt to show petitioner lacked remorse. Because the issue would not have been preserved for appeal, appellate counsel cannot be ineffective for failing to raise the issue.

■ Accordingly, we reverse the PCR court's grant of relief.[5]

**REVERSED.**

TOAL, C.J., WALLER, BURNETT and PLEICONES, JJ., concur.

---

**3.** *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

**4.** Defense counsel's *Miranda* objection was based on the allegation that the testimony was a comment on petitioner's right to silence and that the testimony was meant to infer an admission of guilt.

**5.** In any event, petitioner's claim that the elicitation of the "lack of concern" testimony allowed the State to introduce evidence that suggested he lacked remorse in violation of *State v. Reid,* 324 S.C. 74, 476 S.E.2d 695 (1996), is without merit. In the instant case, Detective McPherson's comment that petitioner "showed no concern towards his child" does not rise to the level of being a comment on petitioner's lack of remorse.