594 S.E.2d 166

Antonio TISDALE, Respondent,

v.

STATE of South Carolina, Petitioner.

No. 25789.

Supreme Court of South Carolina.

Submitted Jan. 22, 2004.

Decided March 8, 2004.

Rehearing Denied April 7, 2004.

---

Attorney General Henry D. McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, and Assistant Attorney General Derrick K. McFarland, all of Columbia, for Petitioner.

Joseph Edward Cadmus, of Charleston, for Respondent.

PER CURIAM:

Respondent was convicted of entering a bank with intent to steal, armed robbery, grand larceny, and possession of a weapon during the commission of a crime. The trial judge vacated the grand larceny conviction and sentenced respondent to thirty years for armed robbery, thirty years concurrent, for entering a bank with intent to steal, and two years consecutive, for possession of a weapon during commission of a crime. The Court of Appeals affirmed the convictions and sentences. *State v. Tisdale*, 338 S.C. 607, 527 S.E.2d 389 (Ct.App.2000).

Respondent filed an application for post-conviction relief (PCR). The PCR court granted respondent relief and ordered a new appeal, finding respondent received ineffective assistance of appellate counsel. We reverse the PCR court.

## ISSUE

Did the PCR court err in holding appellate counsel was ineffective for failing to raise all meritorious issues on appeal?

## ANALYSIS

The PCR court held that respondent's appellate counsel was ineffective because she had an obligation to raise all meritorious issues on appeal. We disagree.

A defendant is entitled to effective assistance of appellate counsel. *Southerland v. State,* 337 S.C. 610, 615, 524 S.E.2d 833, 836 (1999). Although appellate counsel is required to provide effective assistance of counsel, "appellate counsel is *not* required to raise every nonfrivolous issue that is presented by the record." *Thrift v. State,* 302 S.C. 535, 539, 397 S.E.2d 523, 526 (1990) citing *Jones v. Barnes,* 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983) (emphasis supplied). "For judges to second-guess reasonable professional judgments and impose on ... counsel a duty to raise every 'colorable' claim suggested by a client would disserve the very goal of vigorous and effective advocacy...." *Jones,* 463 U.S. at 754, 103 S.Ct. 3308.

In the case at hand, the order granting respondent PCR stated:

Appellate Counsel testified during the PCR Hearing that she made a tactical decision to raise only two preserved issues on appeal ... *Where counsel articulates a valid reason for employing a certain strategy, such conduct will not be deemed ineffective assistance of counsel. However, this should not be the rule for appellate counsel. Effective Appellate Counsel has an obligation to raise all meritorious issues on appeal.* The strategy of choosing one or two issues on direct appeal when several meritorious issues exist deprives the applicant of effective assistance of counsel. (emphasis supplied).

We find that the PCR judge decided this case using an incorrect standard. *See Thrift,* 397 S.E.2d at 526; *Jones,* 463 U.S. at 754, 103 S.Ct. 3308. Further, the State failed to call this error of law to the PCR judge's attention by way of a Rule 59(e), SCRCP motion. Therefore, due to the unusual circumstances of this case, we reviewed the grounds that respondent claims were meritorious but were not raised by appellate counsel. We find no merit to respondent's claims. The burden of proof is on respondent to show that counsel's performance was deficient as measured by prevailing professional norms, and that respondent was prejudiced by this deficiency. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), *Southerland,* 524 S.E.2d at 836. Because respondent is unable to prove prejudice, the PCR court's decision is reversed.

## CONCLUSION

We **REVERSE** the PCR court's decision that appellate counsel was ineffective.

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.