612 S.E.2d 702

**Jimmy Gary GILCHRIST, Petitioner,**

**v.**

**STATE of South Carolina, Respondent.**

No. 25973.

Supreme Court of South Carolina.

Submitted March 16, 2005.

Decided April 25, 2005.

174

Petitioner Jimmy Gary Gilchrist, pro se.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Elizabeth R. McMahon, all of Columbia, for respondent.

Justice MOORE:

Petitioner was indicted for murder and convicted of voluntary manslaughter for the fatal shooting of twenty-three-year-old Thomas Wideman. Petitioner admitted shooting Wideman but claimed self-defense. After his conviction was affirmed on appeal,[1] petitioner commenced this post-conviction relief (PCR) action. The PCR court denied relief. We granted a writ of certiorari to consider petitioner's allegations regarding ineffective assistance of appellate counsel. We affirm.

## FACTS

The shooting occurred inside a dance club in McCormick County after a verbal confrontation in the parking lot. The State's witnesses testified Wideman was sitting in a parked vehicle talking with two of his sisters and a friend when

---

1. *State v. Gilchrist*, 342 S.C. 369, 536 S.E.2d 868 (2000).

petitioner approached and asked Wideman to move his car. When Wideman's sister responded, petitioner called her "ignorant." Wideman and petitioner then exchanged angry words. In the club, Wideman complained to his sister that petitioner was staring at him. As last call was announced, petitioner walked toward Wideman and shot him. When Wideman fell, petitioner shot him two more times. Wideman died shortly thereafter.

The State presented witnesses who testified they never saw Wideman with a gun on the night he was shot. However, defense witness Leroy Brown testified he saw Wideman in the club with a gun stuck down inside his pants immediately before the shooting. Derek Ridenhour testified that after the shooting, someone tried to hand him Wideman's gun for safekeeping but he refused to take it. Petitioner also testified he saw a gun in Wideman's hand during their verbal confrontation in the parking lot.

Petitioner further testified that before going back inside the club, he took his gun from his truck and put it in his pocket for "protection." In the club, petitioner and Wideman had another confrontation. According to petitioner, Wideman continued staring at him across the room. Wideman "pulled up his shirt and showed the gun" while pointing at the door.

When last call was announced, petitioner was concerned that "as soon as I went out that door [Wideman] could have did anything," so petitioner approached Wideman to tell him "he need to stop before somebody got hurt." Wideman jumped up from his seat and was going for his gun when petitioner shot him. Wideman was still reaching for his gun after he fell so petitioner continued shooting.

## ISSUES

1. Was appellate counsel ineffective for failing to appeal the trial judge's refusal to give an appearances charge?

2. Was appellate counsel ineffective for failing to appeal the trial judge's refusal to charge immunity from retreat?

## DISCUSSION

### 1. *Appearances charge*

At trial, counsel submitted a request to charge as follows:

DEFENDANT'S PROPOSED INSTRUCTION NO. 2

The test is not whether there was testimony of an intended attack but whether or not the defendant believed he was in imminent danger of death or serious bodily harm, and he is not required to show that such danger actually existed *because he had a right to act upon such appearances* as would cause a reasonable and prudent man of ordinary firmness and courage to entertain the same belief.

AUTHORITY:

*State v. Jackson,* 227 S.C. 271, 87 S.E.2d 681 (1955).

(emphasis added).

At the charge conference, the trial judge distributed his proposed charge which read:

The defendant must have actually believed he was in imminent danger of losing his life or sustaining serious bodily injury, or the defendant must have actually been in such imminent danger.... If the defense relates to a belief by a defendant that he was in such imminent danger, the circumstances must have been such that a reasonably prudent person of ordinary firmness and courage could have entertained the same belief.

The following colloquy then occurred between counsel and the bench:

MR. MIMS: Your honor, I have Number Two, *State versus Jackson,* as the authority.

THE COURT: All right. Well ...

MR. BAGGETT: I believe you had that covered on your point three on self-defense, your honor.

THE COURT: Yes, sir, I think I had it covered. When the Supreme Court went back through and considered *Davis* ... there is this addition about if the defendant was actually in danger or whether he believed he was in danger and I think I've covered those things in my charge.

Counsel said nothing further and did not object when the charge was given.

 First, appellate counsel is not ineffective for failing to raise on appeal an issue that was not preserved for review. *Legge v. State*, 349 S.C. 222, 562 S.E.2d 618 (2002). We find trial counsel's submission of the request to charge, without any further explanation of his point, was insufficient to preserve for review the trial court's failure to charge the specific language regarding "a right to act on appearances."

 In *State v. Johnson*, 333 S.C. 62, 66, 508 S.E.2d 29, 31 (1998), we set out this preservation rule: "[W]here a party requests a jury charge and, after opportunity for discussion, the trial judge declines the charge, it is unnecessary to preserve the point on appeal, to renew the request at conclusion of the court's instructions." When given the opportunity, counsel must articulate a reason for the requested charge. Counsel need not object to the charge when given *if* the basis of the requested charge is clear from the record. It is not for the trial judge to study the requested charge and make an informed decision with no further input from counsel, especially in a situation such as this where there is only a subtle difference in the language of the judge's proposed charge and the language of the request.[2]

 In any event, aside from the lack of preservation, we find appellate counsel was not ineffective for failing to raise this issue. A PCR applicant has the burden of proving appellate counsel's performance was deficient. *Anderson v. State*, 354 S.C. 431, 581 S.E.2d 834 (2003); *Southerland v. State*, 337 S.C. 610, 524 S.E.2d 833 (1999). Appellate counsel is not required to raise every nonfrivolous issue that is presented by the record. *Tisdale v. State*, 357 S.C. 474, 594 S.E.2d 166 (2004).

---

2. In fact, in two early cases, we held a charge regarding the defendant's belief he was in danger, similar to the charge given here, covered the substance of an appearances charge. *State v. McGee*, 185 S.C. 184, 193 S.E. 303 (1937); *State v. Scruggs*, 94 S.C. 304, 77 S.E. 944 (1913). In recent cases, however, we have found such a charge does not cover an appearances charge. *Eg., State v. Starnes*, 340 S.C. 312, 531 S.E.2d 907 (2000); *Battle v. State*, 305 S.C. 460, 409 S.E.2d 400 (1991); *State v. Fuller*, 297 S.C. 440, 377 S.E.2d 328 (1989).

■■ A defendant is entitled to an appearances charge where the claim of self-defense arises from a mistaken appearance of danger. *State v. Starnes*, 340 S.C. 312, 531 S.E.2d 907 (2000). Here, petitioner introduced evidence Wideman was actually armed with a gun at the time of the shooting and trial counsel focused extensively on the corroborative evidence in closing. Counsel concluded his argument by stating:

> Now, to think that [Wideman] didn't have a gun would really stretch the imagination and it would really make you wonder about doubt. . . . [Petitioner] said he had a gun, besides all these other people who independently testified and independently gave statements that they saw a gun on [Wideman] and I submit he did have a gun.

Petitioner's claim of self-defense did not rely on a mistaken appearance of danger. The failure to give an appearances charge was therefore not reversible error and appellate counsel was not ineffective for failing to argue this issue on appeal. Accordingly, the PCR judge properly found appellate counsel was not ineffective.

### 2. *Duty to retreat*

■ Trial counsel requested the following charge which the trial judge refused to give:

> If a person is assaulted while in a club of which he is a member and without fault in bring[ing] on the difficulty, he is not bound to retreat in order to invoke the benefit of the doctrine of self-defense, but may stand his ground and repel the attack with as much force as is reasonably necessary.

Counsel's request was based on this Court's holding in *State v. Marlowe*, 120 S.C. 205, 112 S.E. 921 (1922), which involved a shooting at an Elk's Club. The defendant was a member of the club and the victim was not. The Court held it was error to refuse to charge that "the law of retreat does not apply to a club member when attacked by another in the club rooms" because "[a] man is no more bound to allow himself to be run out of his rest room than his workshop." 112 S.E. at 922.

Here, the "club" in which the shooting occurred was a "dance club" which charged $5 for admission. There is no evidence petitioner was a "member" of this club. Accordingly, the trial judge did not err in refusing the charge and appellate

counsel was not ineffective for failing to raise the issue on appeal.

In any event, we take this opportunity to overrule the analysis in *State v. Marlowe* elevating a "club" to the possessory status of a home or place of business. This expansion of the immunity-from-retreat doctrine is not good public policy, especially in the contemporary context of "private clubs."

## CONCLUSION

We affirm petitioner's remaining issues pursuant to Rule 220(b), SCACR, and the following authority: Issue 1: *Legge v. State*, 349 S.C. 222, 562 S.E.2d 618 (2002) (appellate counsel not ineffective for failing to raise an issue where no objection was preserved at trial); *State v. Addison*, 343 S.C. 290, 540 S.E.2d 449 (2000) (charge regarding State's burden to disprove self-defense should be given if requested but only for cases tried after the filing of this Court's opinion in *State v. Wiggins*, 330 S.C. 538, 500 S.E.2d 489 (1998)); Issues 3 & 4: *State v. Burton*, 302 S.C. 494, 397 S.E.2d 90 (1990) (no error where charge given adequately covered substance of requested charge). The PCR court's denial of relief is

**AFFIRMED.**

TOAL, C.J., WALLER, BURNETT and PLEICONES, JJ., concur.