THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Roywickus Cade, Respondent
 v.
 State of South Carolina, Petitioner
 
 
 

Appeal From Darlington County
 B. Hicks Harwell, Jr., Circuit Court Judge
Unpublished Opinion No. 2007-UP-371
Submitted September 1, 2007  Filed September 18, 2007

REVERSED IN PART AND AFFIRMED IN PART

 
 
 
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Lance S. Boozer, Assistant Attorney General Karen Ratigan, all of Columbia, for Petitioner.
 Assistant Appellate Defender Robert M. Pachak, of Columbia, for Respondent.
 
 
 

PER CURIAM:  Roywickus Cade filed an application for post-conviction relief (PCR), seeking to vacate his conviction and fifteen-year sentence for armed robbery.[1]  While the PCR judge found Cades trial counsel was not ineffective, he found appellate defense counsel was so and granted Cade a new trial rather than another opportunity to seek appellate review.  The State appeals.  We granted certiorari to review the PCR judges decision.  We affirm in part and reverse in part.[2]
The facts surrounding Cades conviction and sentence, which stem from the robbery of a convenience store, may be found in State v. Cade, Op. No. 02-UP-196 (S.C. Ct. App. filed March 14, 2002).
1.  We first address the issue of whether the PCR judge erred in allowing Cade, over the States objection, to amend his claim during the post-conviction hearing to assert appellate counsel provided Cade ineffective assistance.
The PCR judge conducted an evidentiary hearing on November 15, 2004.  Near the start of the hearing, Cades PCR counsel indicated Cades application for PCR included an allegation that both his trial and appellate counsel gave Cade ineffective assistance.  When, during Cades testimony the issue of appellate counsels effectiveness resurfaced, counsel for the State objected, contending that the issue had not been raised in Cades application, that Cades accompanying memorandum referenced only the allegations of ineffective assistance of trial counsel, and that Cade had not filed any additional memorandums in the two-year period between the filing of his application and the date of the hearing that alleged ineffective assistance of appellate counsel.  Counsel underscored the States objection, saying, I feel like were just getting this sprung on us today . . . .
In response, Cade argued that, because his application listed the name of his appellate counsel and included a citation to Neil v. Biggers, 409 U.S. 188 (1977) and Manson v. Brathwaite, 432 U.S. 98 (1977),[3] it was sufficient to infer therefrom an allegation of ineffective assistance of appellate counsel.
The PCR judge, in effect, allowed Cade to go forward with his challenge to the representation afforded him by appellate counsel, effectively amending Cades application.
The Uniform Post-Conviction Procedure Act (Act), S.C. Code Ann. §§ 17-27-10 to 160 (2003), governs the procedure for PCR proceedings.  Al-Shabazz v. State, 338 S.C. 354, 363, 527 S.E.2d 742, 746 (2000).  The South Carolina Rules of Civil Procedure also apply to PCR proceedings, but only to the extent they are not inconsistent with the Act.  Rule 71.1, SCRCP.  Under the Act, an applicant must specifically set forth the grounds upon which the application is based and include in his or her application those facts that are within the applicants personal knowledge and set them out separately from other allegations of facts.  S.C. Code Ann. § 17-27-50 (2003).  The Act also requires [a]ll grounds for relief available to an applicant . . . [to] be raised in his [or her] original, supplemental, or amended application.  S.C. Code Ann. § 17-27-90 (2003).
The Act permits the PCR judge, when appropriate, to allow an amendment of the application . . . .  S.C. Code Ann. 17-27-70(a) (2003).  By the same token, Rule 15(a), SCRCP, permits [a] party [to] amend his [or her] pleading once as a matter of course at any time before or within 30 days after a responsive pleading is served . . . .  Beyond that, however, whether a party may amend his or her application, as with any other pleading, rests within the sound discretion of the PCR judge.  See Simpson v. Moore, 367 S.C. 587, 599, 627 S.E.2d 701, 708 (2006) (noting a PCR judge may allow a petitioner to amend pleadings pursuant to Rule 15(b), SCRCP).  The trial courts decision whether to allow an amendment will not be reversed on appeal absent a showing of an abuse of discretion.  See Mylin v. Allen-White Pontiac, Inc., 281 S.C. 174, 180, 314 S.E.2d 354, 357 (Ct. App. 1984) (Courts have wide latitude in amending pleadings and, while this power should not be exercised indiscriminately or to surprise or prejudice an opposing party, the matter of allowing amendments is left to the sound discretion of the trial judge. His decision will not be overturned absent an abuse of discretion or unless manifest injustice has been done.).
We hold the PCR judge did not abuse that discretion in this instance by allowing Cade to attack his appellate counsel and, in effect, amending his application.  The State failed to demonstrate any legal prejudice.  Indeed, the State failed to ask for a continuance and chose not to subpoena the appellate counsel in question, choosing instead to take refuge behind the requirement that the burden of proof on the issue of the insufficiency of appellate counsel lay with the applicant.
2.  We next address whether the PCR judge erred in holding Cade was entitled to a new trial because his appellate counsel provided him ineffective assistance.  The PCR judge grounded his holding on appellate counsels failure to appeal issues involving the identification of Cade as a participant in the robbery for which Cade was convicted and appellate counsels failure to raise an issue right on appeal that related to a common scheme and plan involving a carjacking.
Regarding the identification issues, and notwithstanding the PCR judges view that trial counsel . . . did an outstanding job in preserving these issues, we are of a different opinion.  These issues were not preserved, and, because they were not, appellate counsel cannot be faulted for not having raised them before the court of appeals.[4]  Legge v. State, 349 S.C. 222, 225, 562 S.E.2d 618, 620 (2002); State v. Dunbar, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) (In order for an issue to be preserved for appellate review, it must have been raised and ruled upon by the trial judge.).
As to the common scheme or plan issue not being properly raised by appellate counsel before the court of appeals, that issue also affords Cade no basis for relief.  To show that counsel was deficient, an applicant for post-conviction relief on the basis of ineffective assistance of counsel must establish that counsel failed to render reasonably effective assistance under prevailing professional norms and the deficient performance prejudiced the applicants case.  Strickland v. Washington, 466 U.S. 668, 687-88 (1984); Cherry v. State, 300 S.C. 115, 117-18, 386 S.E.2d 624, 625 (1989).  Although appellate counsel argued, and lost, before the court of appeals the issue that the trial court erred in admitting evidence of Cades participation in a carjacking before the robbery, he failed to challenge the denial of Cades motion for a directed verdict at trial on the ground, argued by trial counsel, that the State did not link the carjacking to the robbery.  His failure to do so, however, caused Cade no prejudice.  Even without that evidence, other, more direct, evidence tied Cade to the robbery and thus provided sufficient evidence, when viewed in the light most favorable to the state, on which to base a denial of Cades motion for directed verdict.  See State v. Prince, 316 S.C. 57, 64, 447 S.E.2d 177, 181 (1993) (holding a trial court must view the evidence in the light most favorable to the State when entertaining a defendants motion for directed verdict).
3.  Regarding the claim of ineffective assistance of trial counsel, the PCR judge held that Cade failed to establish that his trial counsel was ineffective.  Because Cade does not appeal this holding and it is now the law of the case, we are obliged to affirm it.  Floyd v. Floyd, 365 S.C. 56, 72, 615 S.E.2d 465, 474 (Ct. App. 2005).
REVERSED IN PART AND AFFIRMED IN PART.
HEARN, C.J., STILWELL, J., and GOOLSBY, A.J., concur.

[1]  Daniel T. Stacey of the South Carolina Office of Appellate Defense perfected an appeal on Cades behalf.  The court of appeals affirmed Cades conviction and sentence.  State v. Cade, Op. No. 2002-UP-196 (S.C. Ct. App. Filed March 14, 2002).
[[2]  We decide this case without oral argument pursuant to Rule 215, SCACR.
[3]  Cade cited both cases as they relate to the factors a court must consider in determining the reliability of identification evidence.
[4]  Although the trial court held an in camera hearing on the photo line-ups and the identifications of Cade, Cades counsel at trial did not attempt to suppress the identifications on the basis that the out-of-court identifications were unreliable under Neil v. Biggers, 409 U.S. 188 (1977).  The memorandum that accompanied Cades application even complains that since [trial] counsel failed to file a suppression motion on the [S]tates identification testimony/evidence, this failure constituted ineffective assistance of counsel that prejudice[d] applicants right to a fair trial and due process of law.