680 S.E.2d 273

**Jack R. BENNETT, Respondent,**

v.

**STATE of South Carolina, Petitioner.**

**No. 26658.**

Supreme Court of South Carolina.

Submitted March 18, 2009.

Re-filed July 13, 2009.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Karen Ratigan, all of Columbia, for Petitioner.

Division of Appellate Defense, of Columbia, and Susannah Conyers Ross, of Ross & Enderlin, of Greenville, for Respondent.

## ORDER

The opinion previously filed in this matter on June 1, 2009 is hereby withdrawn, and the attached opinion is substituted in its place.

IT IS SO ORDERED.

/s/ Jean H. Toal, C.J.

/s/ John H. Waller, Jr., J.

/s/ Costa M. Pleicones, J.

/s/ Donald W. Beatty, J.

/s/ John W. Kittredge, J.

Chief Justice TOAL:

In this case, we granted a writ of certiorari to review the post-conviction relief (PCR) court's grant of Respondent Jack Randall Bennett's request for relief. The State argues that the PCR court erred in ruling that Respondent received ineffective assistance of trial counsel and appellate counsel.

We find that Respondent's trial counsel and appellate counsel were not ineffective and reverse the PCR court's grant of relief.

## FACTS/PROCEDURAL HISTORY

On the evening of October 13, 1998, Respondent was at the home of Robert Garland (the Victim) in Marietta, South Carolina. Also present were Lisa Ward (Ms. Ward) and Respondent's wife, Elizabeth Bennett (Ms. Bennett). Respondent and the Victim drank large quantities of beer and moonshine throughout the evening. Additionally, Respondent admits to ingesting multiple Valium pills. During the course of the evening, Respondent became violent with Ms. Bennett. The Victim and Ms. Ward ejected Respondent from the home. Breaking through the front door, Respondent re-entered the Victim's home and beat him severely.

In January 2001, Respondent was tried for assault and battery with intent to kill (ABWIK), possession of a weapon during the commission of a violent crime, and first-degree burglary. Ms. Bennett was not present for the trial but the trial court admitted her out-of-court statements.

Ms. Ward testified that while Respondent was assaulting the Victim, Ms. Bennett hysterically screamed, "He's going to kill me." Trial counsel objected to the admission of the statement on hearsay grounds. The trial judge ruled that Ms. Bennett's statement was an excited utterance, and thus admissible as an exception to the rule excluding hearsay testimony. Ms. Ward continued her testimony stating that as the two women were exiting the home, Ms. Bennett screamed, "[p]lease hurry, please hurry, because if he gets hold of me, he's going to kill me." Trial counsel did not renew his objection.

Next, the State presented Officer Keith Morecraft to read into evidence a statement he took from Ms. Bennett at the crime scene ninety (90) minutes to two hours after the crime had occurred. Trial counsel objected on both hearsay and Confrontation Clause grounds. The trial court overruled the objection and allowed Officer Morecraft to read the statement into evidence.

■ The jury found Respondent guilty and sentenced him to concurrent terms of eighteen (18) years for ABWIK, five (5) years for possession of a weapon during the commission of a violent crime, and eighteen (18) years for first-degree burgla-ry. Appellate counsel filed an appeal pursuant to *Anders*,[1] which the court of appeals dismissed. *State v. Bennett*, Op. No. 2002–UP–452 (S.C. Ct.App. filed June 20, 2002). Respondent filed an application for PCR. After a hearing, the PCR court granted Respondent's request for relief. The PCR court found that trial counsel provided Respondent with ineffective assistance in failing to adequately object to the admission of Ms. Bennett's out-of-court statements. The PCR court also found that appellate counsel provided Respondent with ineffective assistance in failing to brief issues concerning the admission of Ms. Bennett's out-of-court statements.[2]

## STANDARD OF REVIEW

■ In post-conviction relief proceedings, the burden of proof is on the applicant to prove the allegations in his application. *Butler v. State*, 286 S.C. 441, 442, 334 S.E.2d 813, 814 (1985). If the PCR court's finding is supported by any evidence of probative value in the record, it should be upheld. *Cherry v. State*, 300 S.C. 115, 119, 386 S.E.2d 624, 626 (1989).

## LAW/ANALYSIS

The State argues the PCR court erred in granting relief on the grounds that trial counsel and appellate counsel provided ineffective assistance to Respondent. We agree.

■ For an applicant to be granted post-conviction relief as a result of ineffective assistance of counsel, the applicant must show that 1) counsel's performance was deficient,[3] and 2)

---

1. Pursuant to *Anders v. California*, "if [appellate] counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

2. The issue appellate counsel briefed in the *Anders* appeal was unrelated to the admission of Ms. Bennett's out-of-court statements.

3. In order to prove that counsel's performance was deficient, an applicant must show that his counsel failed to render reasonably effective

he was prejudiced by counsel's deficient performance.[4]  *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Porter v. State,* 368 S.C. 378, 383, 629 S.E.2d 353, 356 (2006).

## I.  Trial Counsel

The State argues that the PCR court erred in finding trial counsel ineffective.  We agree.

■  We find that trial counsel's performance was not deficient and, therefore, his assistance was not ineffective.  Trial counsel clearly objected on hearsay grounds to the admission of Ms. Ward's testimony concerning Ms. Bennett's out-of-court statement.  The trial court correctly ruled that the statements were admissible as excited utterances and overruled trial counsel's objection.[5]  Trial counsel's decision not to renew his objection to Ms. Ward's continuing testimony as to Ms. Bennett's out-of-court statements did not constitute deficient assistance.  The second statement offered by Ms. Ward was essentially identical to the first; therefore, because the trial court had already ruled on the issue, it was not necessary for trial counsel to renew his objection.  *See State v. McDaniel,* 320 S.C. 33, 37, 462 S.E.2d 882, 884 (Ct.App.1995) ("so long as the judge had an opportunity to rule on an issue, and did so, it was not incumbent upon defense counsel to harass the judge by parading the issue before him again.").

Additionally, trial counsel clearly objected to the admission of Ms. Bennett's out-of-court statement given to Officer Morecraft.  Trial counsel made this objection on multiple relevant grounds and argued it forcefully.  Because trial counsel un-

---

assistance under prevailing professional norms.  *Cherry v. State,* 300 S.C. at 117–18, 386 S.E.2d at 625.

4.  In order to prove that he was prejudiced by his counsel's deficiency, an applicant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Cherry v. State,* 300 S.C. 115, 117–18, 386 S.E.2d 624, 625 (1989).  "A reasonable probability is a probability sufficient to undermine confidence in the outcome of trial."  *Johnson v. State,* 325 S.C. 182, 186, 480 S.E.2d 733, 735 (1997).

5.  Additionally, Respondent's own defense that he was entering the home to protect Ms. Bennett opened the door to these statements.

mistakably represented the interests of his client on this issue, his performance was not deficient.

We find that there is no evidence of probative value in the record to support the PCR court's finding that trial counsel's performance was deficient. Therefore, with respect to the PCR court's grant of Respondent's requested relief on the grounds of ineffective assistance of trial counsel, we reverse.

## II.  Appellate Counsel

The State argues that the PCR court erred in finding appellate counsel ineffective.  We agree.

A criminal defendant is constitutionally entitled to the effective assistance of appellate counsel.  *Evitts v. Lucey*, 469 U.S. 387, 398, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985).  However, counsel is not required to raise every non-frivolous claim, but may select among them in order to maximize the likelihood of a favorable outcome.  *Smith v. Robbins*, 528 U.S. 259, 288, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

Generally, in analyzing a claim of ineffective assistance of appellate counsel, this Court applies the *Strickland* test just as it would when analyzing a claim of ineffective assistance of trial counsel.[6]  *See Southerland v. State*, 337 S.C. 610, 616, 524 S.E.2d 833, 836 (1999).  Thus, in this case, we ask 1) whether appellate counsel's performance was deficient, and 2) whether Respondent was prejudiced by appellate counsel's deficient performance.

Even if appellate counsel's performance was deficient, we find that such performance did not prejudice Respondent. In order to show that he was prejudiced by appellate counsel's performance, a PCR applicant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been differ-

6.  Appellate counsel filed an *Anders* brief, as opposed to a brief on the merits.  Even in this context, when analyzing a claim of ineffective assistance of appellate counsel, we apply the *Strickland* test.  *See Smith v. Robbins*, 528 U.S. 259, 284, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000) (finding that even where appellate counsel believes his client's appeal is without merit and thus files an *Anders* brief, the appellant may have been entitled to a merits brief and the challenge of appellate counsel's performance should be reviewed under *Strickland.*)

ent." *Cherry*, 300 S.C. at 117–18, 386 S.E.2d at 625. Ms. Bennett's out-of-court statements admitted at trial were cumulative evidence and not necessary to prove Respondent's guilt. Appellate counsel's performance did not prejudice Respondent and was, therefore, not ineffective.

Accordingly, we find that the PCR court erred in finding that Respondent received ineffective assistance of appellate counsel.

## CONCLUSION

For the foregoing reasons, we hold that the PCR court erred in ruling that trial counsel and appellate counsel were ineffective, and we reverse the PCR court's order granting relief.

WALLER, PLEICONES, BEATTY and KITTREDGE, JJ., concur.