**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Stanley Wise, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2010-158727

---

**ON WRIT OF CERTIORARI**

---

Appeal From Spartanburg County
James E. Lockemy, Trial Court Judge
Roger L. Couch, Post-Conviction Relief Judge

---

Unpublished Opinion No. 2014-UP-233
Heard June 4, 2014 – Filed June 18, 2014

---

**AFFIRMED**

---

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson, Assistant Attorney General Suzanne Hollifield White, both of Columbia, for Respondent.

---

**PER CURIAM:** Stanley Wise appeals the post-conviction relief court's denial of his claim for ineffective assistance of counsel. On appeal, Wise claims his counsel was ineffective for not objecting to the submission to the jury room of the transcript from part of his original trial that included testimony of the State's witness. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

*Strickland v. Washington,* 466 U.S. 668, 687 (1984) (stating to prove trial counsel was ineffective, the defendant must show (1) trial counsel's performance was deficient and (2) the deficiency prejudiced the defendant); *State v. Plyler*, 275 S.C. 291, 298, 270 S.E.2d 126, 129 (1980) (stating the trial court, in its discretion, may permit the jurors to review testimony during their deliberations); *Bennett v. State*, 383 S.C. 303, 308, 680 S.E.2d 273, 275 (2009) (finding trial counsel was not ineffective for failing to renew his objection to testimony as inadmissible hearsay where the trial court overruled trial counsel's previous objection to similar testimony).

**AFFIRMED.**

**HUFF, THOMAS, and PIEPER, JJ., concur.**