**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Antwon M. Baker, Jr., Appellant.

Appellate Case No. 2013-001366

―――――――――

Appeal From Spartanburg County
J. Derham Cole, Circuit Court Judge

―――――――――

Unpublished Opinion No. 2015-UP-178
Submitted March 1, 2015 – Filed April 8, 2015

―――――――――

**AFFIRMED**

―――――――――

Deputy Chief Appellate Defender Wanda H. Carter, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Deborah R.J. Shupe, both of Columbia; and Solicitor Barry Joe Barnette, of Spartanburg, for Respondent.

―――――――――

**PER CURIAM:**  Antwon Baker appeals his convictions for voluntary manslaughter and unlawful carrying of a pistol, arguing the trial court erred in (1)

failing to direct a verdict of acquittal when he presented evidence of self-defense as a matter of law and the State did not disprove self-defense and (2) denying his motion for dismissal based upon the Protection of Persons and Property Act (the Act).[1] We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to Issue 1: *State v. Butler*, 407 S.C. 376, 381, 755 S.E.2d 457, 460 (2014) ("When ruling on a motion for a directed verdict, the trial [court] is concerned with the existence of evidence, not its weight." (internal quotation marks omitted)); *id.* ("In contrast, when self-defense is properly submitted to the jury, the defendant is entitled to a charge, if requested, that the State has the burden of disproving self-defense by proof beyond a reasonable doubt." (internal quotation marks omitted)); *id.* ("On appeal from the denial of a directed verdict, this [c]ourt views the evidence and all reasonable inferences in the light most favorable to the State."); *id.* ("If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, the [c]ourt must find the case was properly submitted to the jury." (internal quotation marks omitted)); *id.* at 382, 755 S.E.2d at 460 ("When the evidence is susceptible of more than one reasonable inference, questions of fact must be submitted to the jury." (internal quotation marks omitted)); *id.* (stating a petitioner's inconsistent accounts of an incident created credibility issues and questions of fact such that the case was properly submitted to the jury).

2.  As to Issue 2: *State v. Curry*, 406 S.C. 364, 370, 752 S.E.2d 263, 266 (2013) ("A claim of immunity under the Act requires a pretrial determination using a preponderance of the evidence standard, which this court reviews under an abuse of discretion standard of review."); S.C. Code Ann. § 16-11-420(A) ("It is the intent of the General Assembly to codify the common law Castle Doctrine which recognizes that a person's home is his castle and to extend the doctrine to include an occupied vehicle and the person's place of business."); S.C. Code Ann. § 16-11-440(C) ("A person who is not engaged in an unlawful activity and who is attacked in another place where he has a right to be, including, but not limited to, his place of business, has no duty to retreat and has the right to stand his ground and meet force with force, including deadly force, if he reasonably believes it is necessary to prevent death or great bodily injury to himself or another person or to prevent the commission of a violent crime as defined in [s]ection 16-1-60 [of the South Carolina Code]."); *Gilchrist v. State*, 364 S.C. 173, 180, 612 S.E.2d 702, 706

---

[1] S.C. Code Ann. §§ 16-11-410 to -450 (Supp. 2014).

(2005) (declining to elevate a dance club "to the possessory status of a home or place of business" based upon public policy considerations).

**AFFIRMED.**[2]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.