**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Vladimir W. Pantovich, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2014-001433

———————

Appeal From Georgetown County
The Honorable George C. James, Jr., Circuit Court Judge

———————

Memorandum Opinion No. 2015-MO-052
Submitted August 19, 2015 – Filed August 26, 2015

———————

**REVERSED AND REMANDED**

———————

Appellate Defender Laura Ruth Baer, of Columbia, for Petitioner.

Attorney General Alan Wilson and Assistant Attorney General Joshua L. Thomas, of Columbia, for Respondent.

———————

**PER CURIAM:**   Petitioner seeks a writ of certiorari from the denial of his application for post-conviction relief (PCR).  We grant the petition, dispense with further briefing, reverse the order of the PCR judge, and remand the matter for a decision in accordance with this opinion.

Petitioner alleged appellate counsel was ineffective in filing an *Anders*[1] brief that did not raise the issue of whether the trial judge erred in refusing petitioner's request to charge the jury on his good character. In deciding appellate counsel was not ineffective, the PCR judge found petitioner was not prejudiced "because the Court of Appeals' dismissal [of the appeal] indicates it found no reversible error in the trial judge's instructions." The judge found that, in order to show prejudice, petitioner had to show "an irregularity in the Court of Appeals' *Anders* procedure." The PCR judge specifically found there was **not** overwhelming evidence of petitioner's guilt. Instead, his decision was based solely on his finding that petitioner failed "to rebut the presumption of regularity in the Court of Appeals' *Anders* review."

In order to show prejudice from appellate counsel's performance when an *Anders* brief is filed, the test enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984), should be applied. *Smith v. Robbins,* 528 U.S. 259 (2000) (even if appellate counsel believes an appeal is without merit and files an *Anders* brief, the appellant may have been entitled to a merits brief, and the challenge to appellate counsel's performance should be reviewed under *Strickland*); *Bennett v. State*, 383 S.C. 303, 680 S.E.2d 273 (2009) (even where an *Anders* brief is filed, when analyzing a claim of ineffective assistance of appellate counsel, this Court applies the *Strickland* test). *Strickland* holds a PCR applicant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. To prove appellate counsel was ineffective, the applicant must show appellate counsel's performance was deficient and, but for appellate counsel's errors, the result of the appeal would have been different. *Ezell v. State*, 345 S.C. 312, 548 S.E.2d 852 (2001).

The PCR judge erred in finding there was a rebuttable presumption that the Court of Appeals reviewed every potential appellate issue and determined them to be without merit when conducting an *Anders* review and that there is a requirement that a PCR applicant show there was an irregularity in the Court of Appeals' *Anders* review. Accordingly, we reverse the order of the PCR judge and remand the matter for consideration of petitioner's allegation of ineffective assistance of appellate counsel under the proper standard.

**REVERSED AND REMANDED.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**

---

[1] *Anders v. California*, 386 U.S. 738 (1967).