**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Trey Williams, Respondent,

v.

State of South Carolina, Petitioner.

Appellate Case No. 2016-001553

_____

Appeal From York County
John C. Hayes, III, Trial Judge
Alison Renee Lee, PCR Court Judge

_____

Unpublished Opinion No. 2019-UP-297
Submitted June 1, 2019 – Filed August 21, 2019

_____

**AFFIRMED**

_____

Attorney General Alan McCrory Wilson and Assistant Attorney General Janell Gregory, both of Columbia, for Petitioner.

Trey Williams, pro se.

_____

**PER CURIAM:** The State appeals the post-conviction relief (PCR) court's order granting Trey Williams relief, arguing the PCR court erred by finding (1) Williams did not validly waive his right to counsel and (2) Williams's appellate counsel was

ineffective in failing to raise his waiver of counsel as an issue on direct appeal. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

As to Issue 1: *Mangal v. State*, 421 S.C. 85, 91, 805 S.E.2d 568, 571 (2017) ("Our standard of review in PCR cases depends on the specific issue before us."); *id.* ("We defer to a PCR court's findings of fact and will uphold them if there is any evidence in the record to support them."); *id.* ("We do not defer to a PCR court's rulings on questions of law."); *Osbey v. State*, 425 S.C. 615, 618, 825 S.E.2d 48, 50 (2019) ("A defendant in a criminal case 'has the right to the assistance of counsel.'" (quoting *State v. Justus*, 392 S.C. 416, 419, 709 S.E.2d 668, 670 (2011))); *State v. Samuel*, 422 S.C. 596, 602, 813 S.E.2d 487, 491 (2018) ("In *Faretta*,[1] the United States Supreme Court held that criminal defendants [also] have a fundamental right to self-representation under the Sixth Amendment."); *Von Moltke v. Gillies*, 332 U.S. 708, 722 (1948) ("It is the solemn duty of a [court] before whom a defendant appears without counsel to make a thorough inquiry and to take all steps necessary to [e]nsure the fullest protection of this constitutional right at every stage of the proceedings."); *id.* at 724 ("A [court] can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered."); *Patterson v. Illinois*, 487 U.S. 285, 298 (1988) ("[R]ecognizing the enormous importance and role that an attorney plays at a criminal trial, we have imposed the most rigorous restrictions on the information that must be conveyed to a defendant, and the procedures that must be observed, before permitting him to waive his right to counsel at trial."); *Iowa v. Tovar*, 541 U.S. 77, 88-89 (2004) ("As to waiver of trial counsel, we have said that before a defendant may be allowed to proceed *pro se,* he must be warned specifically of the hazards ahead."); *State v. Bryant*, 383 S.C. 410, 416, 680 S.E.2d 11, 14 (Ct. App. 2009) (finding the probation revocation court's general warnings "did not expressly address the dangers and disadvantages of appearing pro se as required by" *Faretta*); *Prince v. State*, 301 S.C. 422, 423-24, 392 S.E.2d 462, 463 (1990) ("To establish a valid waiver of counsel, *Faretta* requires the accused be: (1) advised of his right to counsel; and (2) adequately warned of the dangers of self-representation. In the absence of a specific inquiry by the trial [court] addressing the disadvantages of a *pro se* defense as required by the second *Faretta* prong, this [c]ourt will look to the record to determine whether [the applicant] had sufficient background or was apprised of his rights by some other source."); *Gardner v. State*, 351 S.C. 407, 412-13, 570 S.E.2d 184, 186-87 (2002) (listing factors a court may consider when determining the sufficiency of a defendant's background); *id.* at

---

[1] *Faretta v. California*, 422 U.S. 806, 835 (1975).

412, 570 S.E.2d at 186 ("In a PCR action, if the record fails to demonstrate the [applicant] made an informed choice to proceed *pro se,* with 'eyes open,' then the [applicant] did not make a knowing and voluntary waiver of counsel, and the case should be remanded for a new trial.").

As to Issue 2: *Tisdale v. State*, 357 S.C. 474, 476, 594 S.E.2d 166, 167 (2004) ("A defendant is entitled to effective assistance of appellate counsel."); *Bennett v. State*, 383 S.C. 303, 309, 680 S.E.2d 273, 276 (2009) ("Generally, in analyzing a claim of ineffective assistance of appellate counsel, this [c]ourt applies the *Strickland*[2] test just as it would when analyzing a claim of ineffective assistance of trial counsel."); *id.* ("Thus, . . . we ask 1) whether appellate counsel's performance was deficient, and 2) whether [the defendant] was prejudiced by appellate counsel's deficient performance."); *Smith v. Robbins*, 528 U.S. 259, 288 (2000) ("Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." (quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986))); *State v. Thompson*, 355 S.C. 255, 261, 584 S.E.2d 131, 134 (Ct. App. 2003) ("The erroneous deprivation of a defendant's fundamental right to the assistance of counsel is *per se* reversible error.").

**AFFIRMED.**[3]

**LOCKEMY, C.J., and SHORT and MCDONALD, JJ., concur.**

---

[2] *Strickland v. Washington*, 466 U.S. 668 (1984).
[3] We decide this case without oral argument pursuant to Rule 215, SCACR.